■ In the Matter of JOYCE A. R. (ANONYMOUS). CATHOLIC GUARDIAN SOCIETY OF THE DIOCESE OF BROOKLYN, INCORPORATED, Appellant; JANET C. R., Respondent.—In a proceeding pursuant to article 6 of the Family Court Act to permanently terminate parental custody by reason of permanent neglect, the petitioner, Catholic Guardian Society of the Diocese of Brooklyn, appeals from an order of the Family Court, Kings County, dated July 30, 1975, which, after a hearing, *inter alia,* dismissed the petition. Order reversed, on the law and the facts, without costs or disbursements, and petition granted. The record indicates that the petitioner did indeed make "diligent efforts to encourage and strengthen the parental relationship" (see Family Ct Act, § 614, subd 1, par [c]). Special arrangements for parental visiting were made and, by respondent's own admission, concrete suggestions for support, so as to permit discharge of the child to the natural mother's custody, were made on numerous occasions. While it is possible that the petitioner could have done more in order to satisfy the most searching mind, we must not become enmeshed in an analysis of the niceties of the precise degree of required diligence of effort, where to do so would jeopardize the welfare of the child (see *Matter of Ray A. M.,* 48 AD2d 161, affd 37 NY2d 619). We find that petitioner met its burden of proof in all respects (see Family Ct Act, §§ 611, 614; *Matter of Jones,* 59 Misc 2d 69, 73; *Matter of Stephen B.,* 60 Misc 2d 662, 668); accordingly, the petition should have been granted. Hopkins, Acting P. J., Martuscello, Cohalan, Rabin and Shapiro, JJ., concur.

■ In the Matter of EDWARD STRAUSMAN et al., Doing Business as BARCLAY APARTMENTS, Respondents, v ROBERT E. HERMAN, as Assistant Commissioner, State Rent Administration, New York State Division of Housing and Community Renewal, Appellant.—In a proceeding pursuant to CPLR article 78 to review a determination of the State Rent Administrator, dated July 29, 1975, which computed the rent petitioner could charge a certain tenant upon renewal of that tenant's lease, the administrator appeals from a judgment of the Supreme Court, Nassau County, entered January 7, 1976, which, *inter alia,* annulled the determination. Judgment reversed, on the law, determination confirmed, and petition dismissed on the merits, without costs or disbursements. No findings of fact were presented for review. In light of the affidavit of the Chairman of the Nassau County Rent Guidelines Board, wherein he deposed that the State Rent Administrator's interpretation of Rent Guideline No. 3 was in accord with the intent of the Nassau County Rent Guidelines Board in issuing the said guideline, the administrator's determination should not have been annulled. Hopkins, Acting P. J., Martuscello, Latham, Titone and Hawkins, JJ., concur.