■ ISSAC ZAGOORY, Plaintiff, v MAURICE FEIN, an Infant, by His Father and Natural Guardian, MILTON FEIN, et al., Defendants. WALLMAN & WECHSLER, P. C., Appellant, v FRIEDMAN & FRIEDMAN et al., Respondents.— In a negligence action in which plaintiff had been represented by three different attorneys, the firm of Wallman & Wechsler, P. C., appeals from an order of the Supreme Court, Kings County, dated June 8, 1976, which, after a hearing, fixed the fees of the respective attorneys. Order affirmed, without costs and disbursements. Special Term correctly held that the appellant law firm was bound by a stipulation between the plaintiff and the first and second attorneys who represented him. The stipulation created a lien in favor of the first attorney on the net amount which would be paid as attorneys' fees. Latham, J. P., Rabin, Titone and O'connor, JJ., Concur.

■ In the Matter of SYDEL D. EDWIN GOULD SERVICES FOR CHILDREN, Appellant; PATRICIA D. et al., Respondents.—In a proceeding pursuant to article 6 of the Family Court Act, petitioner appeals from an order of the Family Court, Queens County, dated December 12, 1975, which, after a hearing, dismissed the petition. Order reversed, on the law and the facts, without costs or disbursements, and petition granted. The record supports a finding that the agency did make "diligent efforts to encourage and strengthen the parental relationship" (see Family Ct Act, § 614, subd 1, par [c]; Matter of Joyce A. R., 52 AD2d 882; Matter of Ray A. M. [Sugarman], 48 AD2d 161, affd 37 NY2d 619; Matter of Barbara P., 71 Misc 2d 965). Moreover, a finding of lack of continuous or repeated contact with a child over a period of more than one year following the date on which such child came into the care of an authorized agency, obviates the need for proving the lack of any plan by the mother for the future of such child (Family Ct Act, § 614, subd 1, par [d]; Matter of Orlando F., 40 NY2d 103, 110). Latham, J. P., Rabin, Titone and O'Connor, JJ., concur.