■ In the Matter of CHUCK PP., Alleged to be a Permanently Neglected Child. CHEMUNG COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; BYRLENE QQ., Appellant.—Mikoll, J.

On this appeal, respondent challenges the termination of her parental rights in her infant son, who was first removed from her care on November 18, 1986 after a fact-finding hearing adjudging him a neglected child. The child was initially placed in the custody of petitioner for a period of 18 months. Family Court set various conditions for respondent to meet in planning for the future of the child and for his eventual return to her. Thereafter, petitioner commenced the instant proceeding to permanently terminate respondent's parental rights.

The child was born in March 1984. He has been in foster care since July 1986. The permanent neglect petition at issue on appeal alleged that petitioner had made diligent efforts to encourage and maintain the parental relationship, but that respondent failed for over a year to maintain contact with the child or to plan for his future, although physically and financially able to do so. After a hearing, Family Court accepted petitioner's assertions and granted the application to terminate respondent's parental rights.

Respondent contends that Family Court erred in its decision and argues that petitioner failed to meet its burden of showing due diligence in its effort to reunite respondent and her child as is required by Social Services Law § 384-b (7) (a). The challenge is focused on petitioner's failure to diagnose respondent's needs and its failure to assist her in a meaningful way. Respondent contends that she is of limited intellectual ability and therefore should have been provided specialized counseling for retarded persons. She contends that petitioner never ordered diagnostic evaluation or testing so that her problems were not identified and properly treated.

Addressing the threshold issue of "whether the agency exercised diligent efforts to strengthen the parental relationship" *(Matter of Star Leslie W.,* 63 NY2d 136, 142; *see, Matter of Sheila G.,* 61 NY2d 368, 373), we hold that petitioner established permanent neglect by clear and convincing evidence *(see, Santosky v Kramer,* 455 US 745, 747) and Family Court's decision should therefore be affirmed.

The record indicates that respondent failed to cooperate and conform with the rehabilitative program ordered by Family Court to assist her in reassuming custody of her son. The program included weekly visitation with the child, maintaining an appropriate house, attending parenting classes and counseling services, and continuing to work with a program through the Chemung County Association for Retarded Citizens designed to assist her in homemaking, budgeting and parental skills. Respondent, although encouraged to make regular visits to her child and offered bus tokens and rides by her caseworker, visited her son only four times in the period from February 1987 to April 1988. She continually offered excuses as to her inability to follow through, which were not credited by Family Court. Many letters were sent to her informing her that lack of visitation could result in termination of parental rights. Despite this she persisted in a pattern of failing to visit regularly with the child. In addition, parenting counselors attempted to work with respondent to improve her skills. Respondent was uncooperative and frustrated attempts to help her. She missed appointments and failed to permit house visits. Witnesses uniformly testified to respondent's inability to maintain a clean house despite counseling. She was enamored with cats to the detriment of sanitary conditions in the home. As a result she was evicted from several apartments. The home was virtually uninhabitable, in total disarray, with animal feces strewn about, and repellingly full of stench. Respondent was strong-willed, doing what she pleased, when she pleased. Despite years of family support, professional encouragement and assistance, no appreciable change in her behavior occurred.

The child, on the other hand, from a sullen, tempermental boy with speech difficulties when first taken from respondent, under the nurturing effect of his foster homes, has surmounted his earlier deficiencies. He is now nearly emotionally normal. He needs a permanent home to fulfill him and a parent who will care for his well-being and further development.

Contrary to respondent's claim that petitioner had an affir-

mative duty to determine whether her inability to maintain contact with her son stemmed from her low intellectual ability, the requirement that petitioner make diligent efforts to reunite the family does not demand that petitioner relieve respondent of all initiative and responsibility for making the plan work (see, Matter of Jamie M., 63 NY2d 388, 393). Respondent's intellectual limitations were not so obvious or debilitating as to prevent her from maintaining contact with her child and planning for his future. There is no proof in the record that respondent is retarded except for her own self-serving statement of low reading ability. Her caseworker indicated unawareness of any signs indicating a poor functioning level of respondent. When letters were sent to respondent, she was able to discuss them without any apparent indication of serious mental inadequacies. Even conceding a low intelligence factor, respondent's mental limitations neither exonerated her from planning for her child nor precluded petitioner from seeking to terminate respondent's right to custody for failing to meet her responsibility (see, Matter of Candie Lee W., 91 AD2d 1106). Respondent was simply unable to break away from the cycle of poverty, disinterest and lack of initiative she has lived in for many years. She has thus forfeited her parental rights in the child.

Order affirmed, without costs. Casey, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.