■ In the Matter of HENRY YY. and Others, Alleged to be Permanently Neglected Children. CHEMUNG COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; TERRI I., Appellant, et al., Respondent.—Harvey, J. Appeal from an order of the Family Court of Chemung County (Castellino, J.), entered August 11, 1989, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate respondents' children permanently neglected, and terminated respondents' parental rights.

On this appeal, respondent Terri I. (hereinafter respondent) seeks reversal of an order finding her children Henry and Kathleen permanently neglected and terminating her parental rights. The children were initially removed from the care of respondent and the children's natural father, respondent Henry YY., and placed in petitioner's custody following a neglect proceeding in 1985. Pursuant to a dispositional order in May 1986, the children were to be returned to respondent's care within 30 to 45 days if certain conditions, such as the natural father moving out of respondent's apartment, were

met relating to the welfare of the children. However, because conditions involving respondents' participation in certain programs were not met, the children were initially placed in foster care for 18 months. These placements were extended for periods of 12 months by two separate orders in November 1987 and October 1988.

Finally, petitioner commenced this proceeding to terminate respondents' parental rights in November 1988. An evidentiary hearing was held and the Law Guardian's report recommended that termination of parental rights would be in the children's best interests. Family Court granted the petition and this appeal by respondent followed.

Respondent's sole argument on appeal is that petitioner failed to demonstrate by clear and convincing evidence the threshold issue of whether petitioner exercised diligent efforts to strengthen the parental relationship and reunite the family (see, Matter of Christina Q.,, 156 AD2d 770, 771-772, lv denied 75 NY2d 708; Matter of Scotty C., 154 AD2d 784, 785, lv denied 75 NY2d 707). Because, in our view, the evidence fully supports petitioner's position, we cannot agree with respondent's arguments to the contrary. As set out in the record, it is clear that petitioner made diligent efforts to make it possible for respondent to be reunited with her children (see, Social Services Law § 384-b [7] [f]). At various points throughout the years, petitioner's caseworkers attempted to bring the family together by arranging alcohol counseling, psychological testing to evaluate counseling needs, parenting classes and various attempts at home visits. Despite these efforts, however, respondent either failed to participate entirely or started programs that were never successfully completed. As for visitation with the children, this was extremely sporadic even though petitioner provided bus tokens and free transportation and the foster parents were very flexible about arranging visitation. Regardless of these factors, it appears that on several occasions the children would be readied for scheduled visitations and no one showed up. Significantly, in March 1988, overnight visits with the children in respondent's apartment were suspended because there were not enough beds there for the children; respondent failed to give Henry his prescribed medicine and respondent had once sent a 14-year-old girl to pick up the children for visitation. In addition, the record is replete with letters written to respondent warning her of the possibility of termination of her parental rights if she continued to fail to have contact with her children or plan for their future return.

All of this and other evidence presented by petitioner amply demonstrated that, rather than a deficiency of efforts on the part of petitioner, the lack of diligence and concern in this case lies on the part of respondent, not petitioner *(see, Matter of Chuck PP.,* 158 AD2d 859, 860-861, *lv denied* 75 NY2d 710). Accordingly, we find no reason to disturb Family Court's order in this matter.

Order affirmed, without costs. Mahoney, P. J., Casey, Weiss, Levine and Harvey, JJ., concur.