■ In the Matter of JENNIE EE., a Person Alleged to be a Permanently Neglected Child. CAROL W. WALLACE, as Commissioner of the Greene County Department of Social Services, Respondent; GERALD EE., Appellant, et al., Respondent. —Casey, J. Appeal from an order of the Family Court of Greene County (Battisti, Jr., J.), entered July 24, 1991, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate Jennie EE. a permanently neglected child, and terminated respondents' parental rights.

On October 14, 1986 at about 10:00 P.M., the infant Jennie EE. was found on a couch in her parents' apartment by a police officer who had been summoned by a resident because the child had been screaming for hours. The officer found the apartment door ajar, Jennie's mother not home, and her father, respondent Gerald EE. (hereinafter respondent) apparently intoxicated and "passed out" on the floor. Respondent was arrested and a caseworker for the Greene County Department of Social Services took Jennie into custody and placed her in foster care. Both parents were charged with neglect of Jennie, then 18 months old, and the charge was sustained after a fact-finding hearing. Following a dispositional hearing in May 1988, Family Court ordered Jennie to remain in petitioner's custody for 18 months upon a finding that her parents had failed to comply with prior court orders.

Petitioner commenced this proceeding against both parents in September 1988, alleging that Jennie was a permanently neglected child, and requesting that custody and guardianship of Jennie be awarded to petitioner. Following a fact-finding hearing, Family Court found that both parents failed to plan for Jennie's future and participate in the rehabilitative services offered. Family Court concluded that Jennie's best interest would be served by termination of parental rights. Family Court terminated the parental rights of both parents after a dispositional hearing and awarded guardianship of Jennie to petitioner. Only respondent appeals from the order entered on this determination.

It is respondent's claim (1) that the petition is defective for petitioner's failure to plead and prove respondent's neglect for a specific one-year period following the date Jennie came into

petitioner's care and custody, and (2) that the petition's allegations were conclusory and, therefore, ineffective. Although these claims were not properly preserved for review on appeal *(see, Matter of Dixie Lu EE.,* 142 AD2d 747, 747-748), we nevertheless will consider the merits of respondent's arguments. Social Services Law § 384-b (7) (a) relevantly provides that a permanently neglected child is one whose parent fails, for a period of more than one year following the date the child came into the care of an authorized agency, to substantially and continuously or repeatedly maintain contact with the child or plan for the future of the child. The statute, therefore, contemplates a period of one year *at any time* after the child's placement with the agency *(see, Matter of Star Leslie W.,* 63 NY2d 136, 146). As to the petition, its allegations are sufficiently specific to comply with the statutory requirements of Family Court Act § 614 (1) (c) *(see, Matter of Dixie Lu EE., supra,* at 748). The petition alleged that petitioner arranged for and encouraged respondent to engage in alcohol rehabilitation and counseling, but that respondent, *inter alia,* failed to follow such a plan or follow through with petitioner's recommendations for a period that exceeded the statutory period. These allegations are sufficient to charge respondent with permanent neglect *(compare, Matter of Dixie Lu EE., supra, with Matter of Anita "PP",* 65 AD2d 18, 21-22).

We further find that Family Court's findings were supported by clear and convincing evidence and that its order terminating respondent's parental rights, as recommended by the Law Guardian, furthers Jennie's best interest. Contrary to respondent's claim that he is a fit parent who tried to maintain contact with his daughter and is entitled to custody of Jennie, the record supports the finding that petitioner fulfilled its statutory obligations of diligent efforts by attempting to strengthen respondent's parental relationship while Jennie was in petitioner's custody *(see, Matter of Joyce A. R.,* 52 AD2d 882) and diligently attempted to assist respondent in obtaining counseling to correct his alcohol problem. It is clear that it was respondent's failure or refusal to admit that he had such a problem or to utilize the follow-up services offered to him that resulted in respondent's failure to make realistic plans for Jennie's future or to maintain contact with her *(see, Matter of Henry YY.,* 171 AD2d 969, 971; *cf., Matter of Sonia H.,* 177 AD2d 575, 577).

Respondent further contends that his misdemeanor conviction of driving while intoxicated, on which he was incarcerated, denied him contact with Jennie and that his conviction

was improperly considered by Family Court in violation of CPLR 4513, which allows the introduction of a crime only for the purpose of affecting the weight of a witness's testimony. This argument is unpersuasive. Under Family Court Act § 624, which we find applicable, "competent, material and relevant evidence" is admissible at a fact-finding hearing. Inasmuch as respondent's critical problem was alcoholism, his conviction of an alcohol-related offense during the pertinent time period was relevant, and his incarceration on such charge was relevant to his ability to maintain contact with Jennie and to realistically plan for her future. Although respondent unsuccessfully attempted to have Jennie brought to the jail for visitation, his conviction and incarceration were his responsibility and demonstrated his failure to address his alcohol problem. An incarcerated parent is not excused from the requirement that he or she realistically plan for their child's future (Matter of Gregory B., 74 NY2d 77, 87-90; Matter of Jayson M., 177 AD2d 396) and the agency fulfills its duty by reasonable efforts under the circumstances (Matter of Gregory B., supra, at 86). Respondent's incarceration exceeded one year. His failure in rehabilitative alcohol treatment and to follow through, however, exceeded three years.

Respondent also relies on the fact that he notified petitioner a few days before the fact-finding hearing that he had set up a suitable home for Jennie, and petitioner failed to conduct a home study. This effort by respondent occurred more than 3½ years after petitioner took custody of Jennie and is, therefore, insufficient, in light of petitioner's other efforts, to show that petitioner failed to diligently attempt to strengthen the parental relationship (see, Matter of Joyce A. R., 52 AD2d 882, supra). Respondent further claims that he has been awarded joint custody of his twin sons in a separate proceeding and that this fact mandates a reversal here. We do not view the two proceedings so closely related as to require the determination in one proceeding to dictate the result in the other. Petitioner has proved by clear and convincing evidence that respondent failed to plan for Jennie's future by failing to sufficiently address his alcohol problem and avail himself of petitioner's efforts to aid in the treatment of his problem, and that it fulfilled its obligation to encourage and strengthen the parental relationship under the circumstances. The order of Family Court must, therefore, be affirmed.

Levine, J. P., Mercure, Mahoney and Harvey, JJ., concur. Ordered that the order is affirmed, without costs.