■ In the Matter of DAVID MICHAEL J. and Others, Infants. Onondaga County Department of Social Services, Appellant; KIM B., Respondent. [615 NYS2d 209] —Order unanimously reversed on the law without costs, petition reinstated and matter remitted to Onondaga County Family Court for further proceedings in accordance with the following Memorandum: Family Court erred in dismissing the petition seeking to terminate respondent's parental rights. Following a fact-finding hearing, the court, *sua sponte,* determined that its prior orders of suspended judgment were deficient and, therefore, unenforceable because they failed to "contain a written statement informing the respondent that a failure to obey the order may lead to its revocation and to the issuance of an order for the commitment of the guardianship and custody of [the] child" as required by section 205.50 (b) of the Uniform Rules for Trial Courts (22 NYCRR 205.50 [b]). When a court makes a determination of permanent neglect based upon respondent's admission and, with the parties' consent, grants a suspended judgment for a period of six months, that stipulation is binding on the parties even though there was no order entered in compliance with 22 NYCRR 205.50 (b) (see, Commissioner of Social Servs. [T./C. Children] v Rufelle C., 156 Misc 2d 410; see also, CPLR 2104). Furthermore, the record establishes that the court informed respondent that, if she did not comply with the enumerated conditions in the order of suspended judgment, her parental rights would automatically

be terminated *(see, Matter of Patricia O.,* 175 AD2d 870). Because there has been a considerable delay and we are not aware of the current status or relationship of the parties, we remit this matter to Family Court for further proceedings, including a possible dispositional hearing. (Appeal from Order of Onondaga County Family Court, Hedges, J.—Terminate Parental Rights.) Present—Green, J. P., Balio, Fallon, Callahan and Davis, JJ.