■ In the Matter of TINA JJ., a Child Alleged to be Permanently Neglected. ST. LAWRENCE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; DIANE JJ., Appellant. (And Two Other Related Proceedings.) [629 NYS2d 340] —Yesawich Jr., J. Appeal from an order of the Family Court of St. Lawrence County (Nelson, J.), entered December 6, 1993, which granted petitioner's application, in three proceedings pursuant to Social Services Law § 384-b, to adjudicate respondent's children to be permanently neglected, and terminated respondent's parental rights.

In July 1990, petitioner became aware that respondent had violated an outstanding order of protection by permitting her husband—who had been convicted of sexually abusing several children—to have unsupervised contact with their three daughters. Shortly thereafter, respondent left St. Lawrence County taking the children, who are the subjects of these proceedings, with her. Unsure of respondent's plans or her ability to protect the children from her husband, and unable to convince respondent to return to St. Lawrence County, where she had been receiving the services necessary, in view of her limited intelligence and previous problems, to enable her to keep the children, petitioner obtained custody of the girls on August 17, 1990. The children were eventually placed in foster care, where they remain.

After the children were removed from respondent's care, petitioner arranged for her to have regular supervised visitation with them and provided transportation to St. Lawrence County for the biweekly sessions, which respondent attended regularly. Petitioner also maintained telephone contact with respondent after her move, instructed her as to the steps necessary to regain custody of her children and kept her informed of the girls' status. Moreover, once it became clear that respondent intended to stay in Schenectady County—despite having been urged to return to St. Lawrence County, where significant progress had been made in implementing a service plan designed to assist her in meeting her parental responsibilities, which included the provision of homemaker services, daycare, parenting classes, employment and housing assistance—petitioner made arrangements for the Schenectady County Department of Social Services (hereinafter Schenectady DSS) to provide the services that respondent had been receiving, in hopes of reuniting the family. Progress in developing and

implementing a plan in Schenectady County was admittedly slow, due, in part, to respondent's disregard of instructions to contact the Schenectady DSS, and to the fact that she missed more than half her scheduled appointments with her new caseworker. Not unimportantly, she also moved several times without notifying either agency. These obstacles notwithstanding, the new caseworker managed to enroll respondent in an appropriate parenting class that was to begin in September 1991.

The agency's efforts were to no avail, however, for in early September 1991, before the class began, and before the Schenectady caseworker had scheduled an agreed-upon evaluation of respondent's level of functioning to assist in further planning, respondent moved back to St. Lawrence County. Respondent did so despite the advice of Diane Wilby, her St. Lawrence County caseworker, who urged her to remain in Schenectady County and avail herself of the services being arranged there.

In December 1991, petitioner commenced the instant proceeding seeking to terminate respondent's parental rights on grounds of, *inter alia*, permanent neglect (*see*, Social Services Law § 384-b [3] [g]; [4] [d]; [7]), contending that, despite petitioner's diligent efforts, respondent had failed to adequately plan for the children's future (*see*, Social Services Law § 384-b [7] [a], [c]). Hearings were held, after which Family Court found petitioner's allegations to have been proven by clear and convincing evidence, and ordered that respondent's parental rights be terminated and the girls freed for adoption by their foster parents. Respondent appeals.

Family Court did not err in finding that petitioner made diligent efforts to "assist, develop and encourage a meaningful relationship between the parent and child" (Social Services Law § 384-b [7] [f]; *see*, *Matter of Sheila G.*, 61 NY2d 368, 384-385; *cf.*, *Matter of Jamie M.*, 63 NY2d 388, 394). These endeavors included advising respondent what she would have to do to secure the return of her children, providing visitation with them, keeping her informed of their progress and arranging for supportive services, to the extent possible given respondent's continual relocation within and between the two counties.

As for respondent's complaint that no services were furnished by the Schenectady DSS, it suffices to note that her initial refusal to make and maintain contact with that agency, coupled with her eventual decision to leave the area before any services could be implemented, thwarted the agency's efforts (*see*, *Matter of Chianti FF.*, 205 AD2d 849, 850-851; *Mat-*

*ter of Dixie Lu EE.*, 142 AD2d 747, 749). The record discloses that respondent's frequent residence changes frustrated the Schenectady DSS' attempts to provide homemaking assistance. Importantly, during this period petitioner, through Wilby, continued to maintain contact with respondent, facilitated her visitation with the children, assisted her with respect to obtaining services in Schenectady County and acquired a court order directing the appropriate agency to provide those services, conducted a home study of a possible foster home in Schenectady County, and immediately reinstituted its plans and services for respondent upon her return to St. Lawrence County. More was not required (*see, Matter of Star Leslie W.,* 63 NY2d 136, 144; *Matter of Terry S.,* 156 AD2d 763, 764-765).

Petitioner also demonstrated that respondent has failed to adequately plan for her daughters' future. Although she was clearly informed of the need to establish a stable home environment and improve her housekeeping skills, respondent has made little progress in these areas, in spite of having received ample instruction and assistance (*see, Matter of Chuck PP.,* 158 AD2d 859, 860-861, *lv denied* 75 NY2d 710; *Matter of Charlotte II.,* 98 AD2d 859). Furthermore, by continuing to permit her husband, from whom she apparently is now separated, a convicted and assertedly intractable child molester, to have unsupervised contact with the girls, by refusing to accept the fact that this poses a danger to their welfare and by repeatedly lying to the involved agencies about her living arrangement, respondent has demonstrated an obdurate unwillingness to deal with the problems that necessitated the children's removal, and an inability to protect them from harm. This is sufficient to support a finding of failure to plan for the children's return (*see, Matter of Albert T.,* 188 AD2d 934, 937).

On this record, we are not disposed to say that Family Court's dispositional finding, that it would be in the children's best interest to terminate respondent's parental rights, freeing them for adoption by their foster parents, with whom each has formed a strong bond and made significant progress, was erroneous (*see, Matter of Wesley F.,* 190 AD2d 576; *Matter of Gyvon Lamar P.,* 190 AD2d 592, 593, *lv denied* 82 NY2d 654).

Mikoll, J. P., Mercure, Crew III and Casey, JJ., concur. Ordered that the order is affirmed, without costs.