■ In the Matter of CHRISTY C. and Another, Children Alleged to be Permanently Neglected. BROOME COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; DOROTHY C. et al., Appellants. (And Another Related Proceeding.) [640 NYS2d 324] —Yesawich Jr., J. Appeal from an order of the Family Court of Broome County (Pines, J.), entered January 11, 1995, which, *inter alia,* granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate respondents' children to be permanently neglected, and terminated respondents' parental rights.

Respondents are the parents of two children, Christy C. and Jeffrey C., born in 1987 and 1989, respectively. In February 1992, after a neglect petition was filed against respondents, the children were placed in petitioner's care and custody, where they have remained. A hearing was held and, after respondents admitted having neglected their offspring, the petition was sustained.

Petitioner thereafter attempted to reunite the family, by providing respondents with intensive educational and support services to assist them in correcting the problems that resulted in the original findings of neglect. When these efforts proved unsuccessful, petitioner commenced the instant proceedings to adjudicate the children as permanently neglected and terminate respondents' parental rights, freeing Christy and Jeffrey for adoption. A fact-finding hearing ensued, at the conclusion of which Family Court sustained a petition alleging that the father was unable, due to his mental retardation, to provide proper and adequate care for the children. A similar petition filed with respect to the mother was dismissed, but the court went on to find that, despite the diligent efforts undertaken by petitioner to encourage and strengthen the parental relationship between respondents and their children, both respondents had failed to plan for the children's future. The children were

adjudicated permanently neglected (see, Social Services Law § 384-b [7] [a]) and, following a dispositional hearing, respondents' parental rights were terminated. Respondents appeal.

We affirm. The testimony of the caseworkers and other service providers—particularly that of Deborah Reiter, a caseworker whose testimony Family Court found "extremely credible"—establishes that petitioner did all that could reasonably be expected to assist respondents in reuniting their family (see, Social Services Law § 384-b [7] [f]). Appropriate services (including parenting classes, parent aides, counseling, and instruction and assistance in budgeting, money management, nutrition, fire safety, sanitation and organization), tailored to meet respondents' particular needs, and specifically designed to be effective in view of their limited cognitive and communication skills, were provided or offered (see, Matter of Sonia H., 177 AD2d 575, 577; cf., Matter of John ZZ., 192 AD2d 761, 762). In addition, regular and frequent visitation with the children—including overnight and weekend visitation, and telephone contact between visits—was allowed and encouraged, transportation was provided when necessary and visits were moved from petitioner's offices to other locations to meet respondents' needs. It is clear from the record that petitioner, as statutorily required, made meaningful and diligent efforts to strengthen the familial relationship (see, Matter of Sheila G., 61 NY2d 368, 384-385; Matter of Shannon U., 210 AD2d 752, 753-754, lv denied 85 NY2d 807).

Despite these considerable efforts, however, respondents remained unwilling or unable to correct the conditions that had initially endangered the children and resulted in the finding of neglect—an extremely unsanitary household, littered with animal excrement, and a failure to provide the children with adequate food, drink and clothing. Notwithstanding having been told repeatedly that the presence of pets, coupled with their apparent inability to clean up after them, was one of the reasons for the children having been placed in foster care, respondents continued to keep a variety of pets in an unsanitary manner. To the extent that respondents presented contrary testimony, a credibility question was presented which was—not improperly, in our view—resolved in petitioner's favor (see, Matter of Shannon U., supra, at 754; Matter of Gina RR., 197 AD2d 757, 758).

Further, although the need for budgeting and how to do so was frequently explained to them, respondents failed to prepare a budget as directed and persisted instead in using their limited resources to purchase unnecessary items (on one

occasion to buy a new TV, VCR, and chandelier), while utility bills remained unpaid and the children went without adequate food, clothing, and bedding. Nor did respondents make use of new clothing that was given to them, continuing to dress the children inappropriately for the weather and often in soiled clothes. Thus, while the record does demonstrate that respondents are able to modify their behavior for brief periods (e.g., to clean the house or feed the children properly) in response to direct instruction and close supervision, it is evident that they are unable, in spite of the intensive training and assistance made available, to develop the requisite independent understanding and internal motivation to furnish the children with a safe and stable environment on a long-term basis. In sum, although they appear to love their children very much, respondents are simply incapable of providing them with proper care or planning for their future; hence, the finding of permanent neglect was not unwarranted (*see, Matter of Tina JJ.*, 217 AD2d 747, 749; *Matter of Shannon U., supra*, at 754; *Matter of Chuck PP.*, 158 AD2d 859, 860, *lv denied* 75 NY2d 710).

And, given the evidence, the Law Guardian's recommendation and the fact that the children had, at the time, been in foster care for approximately three years (where they had been doing very well), Family Court did not abuse its discretion in concluding that it was in the children's best interest to terminate respondents' parental rights (*see, Matter of Tina JJ., supra*, at 749; *Matter of St. Christopher O.*, 204 AD2d 765, 766, *lv denied* 84 NY2d 805).

The remainder of respondents' contentions have been considered and found meritless.

Mikoll, J. P., Mercure, Crew III and White, JJ., concur. Ordered that the order is affirmed, without costs.