■ In the Matter of DUTCHESS COUNTY DEPARTMENT OF SOCIAL SERVICES, on Behalf of COLLETTE M., a Child Alleged to be Neglected, Respondent, v JUDY M., Appellant. (Proceeding No. 1.) In the MATTER OF DUTCHESS COUNTY DEPARTMENT OF SOCIAL SERVICES, on Behalf of CODY M., a Child Alleged to be Neglected, Respondent, v JUDY M., Appellant. (Proceeding No. 2.) [643 NYS2d 126] —In two proceedings pursuant to Social Services Law § 384-b to terminate parental rights based on permanent neglect, the mother appeals from two dispositional orders of the Family Court, Dutchess County (Brands, J.), both dated December 23, 1994, which, after a fact-finding hearing, determined that she failed to comply with the terms and conditions of two orders of suspended judgment of the same court, both dated May 26, 1994, terminated her parental rights, and awarded custody and guardianship of the children to the petitioner Dutchess County Department of Social Services.

Ordered that the orders are affirmed, without costs or disbursements.

The petitioner Dutchess County Department of Social Services (hereinafter DSS) instituted these proceedings on or about July 6, 1993, seeking to terminate the mother's parental rights to her two children on the ground of permanent neglect. On February 24, 1994, the mother admitted in open court that she had permanently neglected the children. By two orders dated May 26, 1994, the court adjudged that the mother had permanently neglected the children and suspended judgment for six months upon the condition that the mother meet certain specified terms and conditions. On July 13, 1994, the DSS filed an Amended Multi-Purpose Petition seeking to restore the permanent neglect dispositions and terminate the mother's parental rights because of her failure to comply with certain terms of the orders of suspended judgment. A hearing took place on September 14 and October 5, 1994, as a result of which the Family Court determined that the mother had not complied with the terms of the orders of suspended judgment. Orders of

disposition were subsequently issued determining that the children were permanently neglected, transferring the mother's guardianship and custody rights to the DSS, and authorizing and empowering the DSS to consent to the adoption of the children.

The mother argues that her due process rights were violated because the orders of suspended judgment did not "contain a written statement informing the [mother] that a failure to obey the order may lead to its revocation and to the issuance of an order for the commitment of the guardianship and custody of a child" as required by section 205.50 (b) of the Uniform Rules for Trial Courts (22 NYCRR 205.50 [b]). We note that this issue was not raised in the Family Court, and, therefore, is not properly before us (*see, Matter of Kim Shantae M.*, 221 AD2d 199). In any event, where, as here, a court makes a determination of permanent neglect based upon a parent's admission and, with the parties' consent, issues an order of suspended judgment for a specified time period, that stipulation is binding on the parties even though there was no order entered in compliance with 22 NYCRR 205.50 (b) (*see, Matter of David Michael J.*, 206 AD2d 867).

We have reviewed the mother's remaining contentions and find them to be without merit. Thompson, J. P., Santucci, Joy and Altman, JJ., concur.