■ In the Matter of KALEB U., a Permanently Neglected Child. BROOME COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; DAVID U. et al., Appellants. [720 NYS2d 249] —Mercure, J. P. Appeal from an order of the Family Court of Broome County (Hester, Jr., J.), entered October 25, 1999, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to revoke a suspended judgment, and, *inter alia*, terminated respondents' parental rights.

Respondent David U. (hereinafter the father) and respondent Cynthia V. (hereinafter the mother) are the biological parents of a son (hereinafter the child) born in October 1996. From birth, the child has suffered from multiple disabilities, including a central nervous system disorder, a cleft palate and Pierre Robin's syndrome, which cause him to be susceptible to seizures, choking and breathing problems. Within a few weeks following the child's birth, Family Court directed the temporary removal of the child from respondents' custody. The child has been in petitioner's custody, placed in foster care, ever since. In November 1996, petitioner filed a neglect petition alleging respondents' inability to meet the child's physical and mental needs because the father was an untreated alcoholic with a violent temper and the mother's intellectual limitations prevented her from providing the child with adequate care. Following a fact-finding hearing, Family Court made an adjudication of neglect, which was upheld on the mother's appeal to this Court (*Matter of Kaleb U.*, 251 AD2d 923).

In January 1998, petitioner filed a permanent neglect petition. At a hearing conducted in June 1998, respondents admitted the allegations of neglect. They subsequently waived their right to a dispositional hearing and agreed to the entry of a suspended judgment providing for an adjudication of permanent neglect and the termination of respondents' parental rights unless they evidenced their willingness and ability to meet the child's needs by complying with a number of conditions. Among the conditions imposed were respondents' submission to random drug testing, cooperation with their caseworker and other social service providers, the mother's continuation of codependency counseling, respondents' attendance at a weekly support group for parents at the Families First agency, supervised visitation with the child for one hour per week, respondents' attendance at all of the child's medical appointments, their completion of infant and child CPR refresher training courses, their refraining from acts of domestic violence and their articulation of the child's medical condition and his health-care requirements.

On March 16, 1999, petitioner filed a petition seeking to revoke the suspended judgment because of respondents' failure to comply with a number of those conditions. Following an evidentiary hearing, Family Court determined that respondents were guilty of substantial noncompliance with the suspended judgment. As a result, Family Court again adjudicated the child to be permanently neglected and finally severed respondents' parental rights. Respondents appeal.

We affirm. A suspended judgment may be entered by Family Court as a means of providing a parent, previously found to have permanently neglected his or her child, with a brief grace period within which to become a fit parent with whom the child can be safely reunited (*see, Matter of Michael B.*, 80 NY2d 299, 311). During that period, "the parents must comply with [the] terms and conditions set forth in the judgment that are designed to ameliorate their [actions]" (*Matter of Jennifer T.*, 224 AD2d 843; *see,* 22 NYCRR 205.50). When it appears, however, that a parent is guilty of noncompliance with the requirements of the suspended judgment, an evidentiary hearing will be held and, upon a showing by a preponderance of the evidence that the parent has failed to comply, Family Court may revoke the suspended judgment and terminate the parent's parental rights (*see, Matter of Kenneth A.*, 206 AD2d 602, 603; *Matter of Grace Q.*, 200 AD2d 894, 895). In view of Family Court's "direct observation of and access to the parties and the professionals who testified," its factual findings will be accorded "great deference" and will not be disturbed on appeal unless lacking a sound and substantial basis in the record (*Matter of Angelina AA.*, 211 AD2d 951, 952, *lv denied* 85 NY2d 808; *see, Matter of Jennifer T., supra,* at 845).

In this case, petitioner established respondents' noncompliance with a great many of the conditions of the suspended judgment. The evidence shows that respondents failed to sign up for or attend the Families First support group program or sign the documents necessary for random drug screenings, that respondents missed 7 of the 15 scheduled visits with the child and, in fact, that they did not see the child for a period of six weeks in February and March 1999. Respondents also failed to attend two of the child's medical appointments and a scheduled planning conference with the social worker assigned to their case. In addition, the record establishes the father's inability to control either his drinking or his anger. The father acknowledged that he continued drinking, and the hearing testimony showed that he became hostile and abusive during the course of a scheduled visit with the child and, on another occasion, during a meeting with a social worker. Denying little, if any, of the foregoing, respondents offer nothing but a litany of excuses, in a transparent effort to deflect ultimate responsibility from themselves to petitioner. Based upon the hearing evidence and the Law Guardian's recommendation that the child's best interest will be served by terminating respondents' parental rights and freeing the child for adoption, we are not persuaded to disturb Family Court's determination (*see, Matter of Christy C.*, 226 AD2d 770, 772, *lv denied* 88 NY2d 808; *Matter of John F.*, 221 AD2d 858, 861, *lv denied* 88 NY2d 811).

Crew III, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.