■ In the Matter of ANGELA LL. and Another, Children Alleged to be Permanently Neglected. TOMPKINS COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; REBECCA LL., Appellant. [731 NYS2d 288] —Mercure, J. Appeal from an order of the Family Court of Tompkins County (Barrett, J.), entered July 12, 2000, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate Angela LL. and Shania MM. permanently neglected children, and terminated respondent's parental rights.

Respondent is the mother of two daughters, Angela LL. (born in 1992) and Shania MM. (born in 1997). In August 1997, a petition was filed alleging that respondent had neglected her

daughters by, among other things, allowing herself to be the victim of domestic violence perpetrated upon her by Lamar MM. (hereinafter the boyfriend), her paramour and the father of Shania, permitting him to use excessive corporal punishment to discipline Angela, and using alcohol to such a degree that she was unable to adequately supervise her children. An order of adjudication was entered upon respondent's consent pursuant to Family Court Act § 1051 (a). The children were placed in petitioner's custody for an initial period of up to 12 months and an order of protection was issued for respondent and the children barring any contact whatsoever with the boyfriend.

Based upon respondent's failure to enforce the order of protection against the boyfriend, in October 1998, petitioner filed a petition for an order adjudicating the children to be permanently neglected. In May 1999, respondent stipulated to an adjudication of permanent neglect and order of disposition with judgment suspended for one year on the condition, among others, that respondent apprise petitioner of any change in address or household composition and abide by an order of protection issued for respondent and her children barring any contact whatsoever with the boyfriend. Based on evidence that respondent had permitted direct contact between the boyfriend, herself and her children, and had, in fact, resumed cohabitation with him and also that on January 1, 2000, respondent was intoxicated, was engaged in an altercation with the boyfriend and sustained a broken arm in that altercation, petitioner filed an amended petition seeking to revoke the suspended judgment. After a fact-finding hearing, Family Court found that respondent had violated the terms of the suspended judgment by associating with the boyfriend. A dispositional hearing was conducted, at the conclusion of which Family Court revoked the judgment, terminated respondent's parental rights and ordered that the children remain in petitioner's custody pending adoption. Respondent now appeals.

We affirm. The suspended judgment creates a grace period during which a parent found to have permanently neglected his or her children may demonstrate the ability to be a fit parent (*see, Matter of Kaleb U.*, 280 AD2d 710, 712; *Matter of Nicole OO.*, 262 AD2d 808, 809-810). The suspended judgment may be revoked and parental rights terminated, however, upon a showing by a preponderance of the evidence that the parent has violated the conditions of the judgment (*see, Matter of Kaleb U., supra*, at 712; *Matter of Ericka LL.*, 256 AD2d 1037, 1037-1038). In this case, testimony at the evidentiary hearing

established that respondent had been in the boyfriend's company on at least two occasions following his release from jail in November 1999. On the first of those occasions, petitioner found it necessary to remove the children from respondent's custody and place them with their maternal grandmother. Undoubtedly, petitioner met its burden of establishing respondent's violation by a preponderance of the evidence.

Respondent's additional assertions of error do not warrant extended discussion. First, to the extent that the determination of permanent neglect made on respondent's admission was not entered in compliance with 22 NYCRR 205.50 (b) because the order of disposition did not contain a written statement informing respondent that a failure to obey the order may lead to its revocation and to the issuance of an order for the commencement of the guardianship and custody of the children, the stipulation is nonetheless binding upon the parties (*see, Matter of Dutchess County Dept. of Social Servs. [Collette M.] v Judy M.*, 227 AD2d 478, 479; *Matter of David Michael J.*, 206 AD2d 867, 867-868). Second, given the position of the Law Guardian that the suspended judgment should be revoked and respondent's parental rights terminated, we conclude that respondent is not aggrieved by Family Court's inappropriate denial of the Law Guardian's right to fully participate in the fact-finding hearing. Finally, in view of respondent's repeated refusal to forego her relationship with the boyfriend for the benefit of her children, we are not persuaded that Family Court abused its discretion in terminating her parental rights (*see, Matter of Christopher II.*, 222 AD2d 900, 902, *lv denied* 87 NY2d 812).

Cardona, P. J., Crew III, Peters and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.