██ In the Matter of JESSICA J. and Others, Children Alleged to be Permanently Neglected. DELAWARE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; ELISE J., Appellant. [843 NYS2d 708]—

Spain, J. Appeal from an order of the Family Court of Delaware County (Becker, J.), entered November 22, 2006, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to revoke a suspended judgment, and terminated respondent's parental rights.

In March 2006, respondent's three minor children (born in 1990, 1992 and 1995) were adjudicated permanently neglected children (see Social Services Law § 384-b) based upon respondent's admissions to findings of permanent neglect and her consent to a termination order with a six-month suspended judgment subject to conditions to which she also agreed. Pursuant thereto, Family Court entered an order of suspended judgment against respondent effective until September 2006. Thereafter, in July 2006, petitioner filed a petition alleging that respondent had violated the terms and conditions of the order of suspended judgment, and seeking termination of respondent's parental rights. The court initially extended the prior order of suspended judgment until October 2006. After a hearing, the court found, by a preponderance of the evidence, that respon-

dent had willfully violated several of the conditions of the suspended judgment, and terminated respondent's parental rights. Respondent now appeals.

Respondent's assertion that the order of suspended judgment is unenforceable because it was not made in compliance with the mandates of 22 NYCRR 205.50 (b) is without merit. Notably, this issue was not raised in Family Court and is, therefore, unpreserved (*see Matter of Kim Shantae M.*, 221 AD2d 199, 199 [1995]). In any event, 22 NYCRR 205.50 (b) directs that an order of suspended judgment must contain a written statement alerting the respondent to the possible consequences of his or her failure to obey the order. However, it has also been held that, notwithstanding an omission of this nature, the terms of a suspended judgment are still binding where, as here, the court's finding of permanent neglect is based on the respondent's own admissions and the parties stipulate or consent to the terms of the suspended judgment (*see Matter of Angela LL.*, 287 AD2d 823, 825 [2001]; *see also Matter of Dutchess County Dept. of Social Servs. v Judy M.*, 227 AD2d 478, 479 [1996]; *Matter of David Michael J.*, 206 AD2d 867, 867 [1994]).

We also find lacking in merit respondent's assertion that the order of suspended judgment further violates the mandates of 22 NYCRR 205.50 (b) in that it fails to set forth a visitation plan. Although in our view a detailed written set of directions to respondent in the suspended judgment would have been preferable, the written direction that respondent follow the visitation provisions in the "Service Plan" was sufficient.

We also reject respondent's contention that her failure to comply with the terms of the suspended judgment was petitioner's fault, in that petitioner failed to make diligent efforts to strengthen her relationship with her children (*see* Social Services Law § 384-b [7]). While "the threshold inquiry by the court in any neglect proceeding must be whether the agency exercised diligent efforts to strengthen the parental relationship" (*Matter of Star Leslie W.*, 63 NY2d 136, 142 [1984]), "the requirement that petitioner make diligent efforts to reunite the family does not demand that petitioner relieve respondent of all initiative and responsibility for making the plan work" (*Matter of Chuck PP.*, 158 AD2d 859, 861 [1990], *lv denied* 75 NY2d 710 [1990]). Moreover, where a court finds, by a preponderance of the evidence, that a parent has failed to comply with the legitimate terms and conditions of a suspended judgment, that parent's rights may be terminated (*see Matter of Michael B.*, 80 NY2d 299, 311 [1992]; *Matter of Frederick MM.*, 23 AD3d 951, 952 [2005]; *Matter of James E.*, 17 AD3d 871, 874 [2005]; *Mat-*

*ter of Travis A.*, 4 AD3d 632, 633-634 [2004], *lv denied* 2 NY3d 706 [2004]; *Matter of Kaleb U.*, 280 AD2d 710, 712 [2001]).

Here, Teresa Wolfinger, a supervising caseworker employed by petitioner, testified that petitioner encouraged respondent to find a counselor by providing her with names and contact phone numbers, and offered to provide transportation and even to pay for an independent counselor of respondent's choice. Wolfinger also testified regarding visitation, stating that petitioner has provided counseling and other services to the children and that, despite petitioner's frequent encouragement to visit with respondent, the children consistently refused, citing a visit wherein respondent got into a verbal altercation with her sister. Furthermore, petitioner offered three letters sent to respondent which detail various attempts to engage respondent in the services necessary to complete her goals pursuant to the suspended judgment. Significantly, respondent testified that, contrary to the terms of the suspended judgment, she had not arranged for independent counseling, still resided with her parents, and failed to apply for public assistance or obtain employment. On the issue of employment, Wolfinger's and respondent's testimony revealed that she did not attempt to follow up on the few job applications that she filled out, which respondent attributed to lack of transportation. However, the parent aide assigned to respondent's case testified, on the issue of transportation, that she told respondent that she would drive her to job interviews as needed. Thus, the preponderance of the evidence demonstrated that petitioner did make efforts to reunite the family and that it was respondent's willful failure to comply with the terms of the suspended judgment, coupled with her previous admissions resulting in the finding of permanent neglect, that resulted in the termination of her parental rights (*see Matter of Star Leslie W.*, 63 NY2d at 142; *Matter of Jamie M.*, 63 NY2d 388, 393 [1984]; *Matter of Henry YY.*, 171 AD2d 969, 970-971 [1991]; *cf. Matter of Amber W.*, 105 AD2d 888, 890-891 [1984]). Accordingly, Family Court's decision that it was in the children's best interests to terminate respondent's parental rights and free the children for adoption should be upheld (*see Matter of Michael B.*, 80 NY2d at 311; *Matter of Frederick MM.*, 23 AD3d at 952; *Matter of James E.*, 17 AD3d at 874; *Matter of Travis A.*, 4 AD3d at 633-634; *Matter of Kaleb U.*, 280 AD2d at 712).

We have considered respondent's remaining contentions and find them unavailing.

Mercure, J.P., Peters, Carpinello and Kane, JJ., concur. Ordered that the order is affirmed, without costs.