■ In the Matter of CHRISTIAN ANTHONY Y.T. and Others, Infants. DONNA MARIE T., Appellant; THE CHILDREN'S AID SOCIETY, Respondent. [912 NYS2d 11]—

Order, Family Court, Bronx County (Sidney Gribetz, J.), entered on or about June 30, 2009, which found that respondent mother had violated the terms of a suspended judgment entered April 24, 2006, terminated her parental rights to her three children, and placed the children in the custody of the Commissioner of Social Services and the petitioner agency for purposes of adoption, unanimously affirmed, without costs.

A preponderance of the evidence supported the court's finding that the mother violated the terms of the suspended judgment, and that termination of her parental rights was in the children's best interests (*see generally Matter of Darren V.*, 61 AD3d 986 [2009], *lv denied* 12 NY3d 715 [2009]). The record demonstrates that notwithstanding the mother's efforts to comply with the technical terms of the suspended judgment (*id.* at 987), her emotional and cognitive limitations rendered her unable to meaningfully comply with the terms and goals of the suspended judgment, including cooperating with the agency towards a reunification with her children, advocating for her children's special needs, and acquiring the skills necessary to ensure that her three special needs children would be safe in her care (*see e.g. Matter of Giovanni K.*, 62 AD3d 1242 [2009], *lv denied* 12 NY3d 715 [2009]; *Matter of Elijah F.*, 56 AD3d 260, 261 [2008]).

Further, the mother often exhibited unrestrained anger towards agency representatives when disagreement arose over aspects of the reunification plan, and she frequently stormed out of meetings and/or threatened the agency representatives.

Given the above-mentioned circumstances, viewed as a whole,

the decision of the agency to seek revocation of the suspended judgment within three months of its entry was proper (see e.g. Matter of Jonathan P., 283 AD2d 675 [2001], lv denied 96 NY2d 717 [2001]), and the mother's contention that she was not afforded sufficient time to show progress towards reunification under the suspended judgment is unavailing. The burden rested with the mother at all times to show progress during the period of the suspended judgment, as well as compliance with the suspended judgment's terms (see Matter of Darren V., 61 AD3d at 987) and, as such, we find no merit to her argument that the agency failed to exercise requisite efforts during the suspended judgment to restore the children to her care. Even lapses by an agency during a suspended judgment do not relieve a parent of his or her duty to comply with the terms of the suspended judgment (see Matter of Lourdes O., 52 AD3d 203 [2008]). Concur—Mazzarelli, J.P., Friedman, Catterson, DeGrasse and Manzanet-Daniels, JJ.