Matter of Michael S. (Charle S.) (2020 NY Slip Op 02439)





Matter of Michael S. (Charle S.)


2020 NY Slip Op 02439


Decided on April 24, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 24, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CARNI, NEMOYER, AND CURRAN, JJ.


506 CAF 18-02324

[*1]IN THE MATTER OF MICHAEL S. ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-RESPONDENT; CHARLE S., RESPONDENT-APPELLANT.






DAVID J. PAJAK, ALDEN, FOR RESPONDENT-APPELLANT.
REBECCA HOFFMAN, BUFFALO, FOR PETITIONER-RESPONDENT.
JOHN L. TRIGILIO, BUFFALO, ATTORNEY FOR THE CHILD. 


 Appeal from an order of the Family Court, Erie County (Lisa Bloch Rodwin, J.), entered June 9, 2017 in a proceeding pursuant to Social Services Law § 384-b. The order, among other things, terminated respondent's parental rights with respect to the subject child. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Respondent mother appeals from an order by which Family Court, inter alia, revoked a suspended judgment entered upon her admission that she had permanently neglected the subject child and terminated her parental rights with respect to that child. We affirm. There is a sound and substantial basis in the record to support the court's determination that the mother failed to comply with the terms of the suspended judgment and that the child's interests were best served by terminating the mother's parental rights (see Matter of Zander L. [Athena L.], 162 AD3d 1671, 1672 [4th Dept 2018], lv denied 32 NY3d 907 [2018]; Matter of Frederick MM., 23 AD3d 951, 953 [3d Dept 2005]; see generally Matter of Amanda M. [George M.], 140 AD3d 1677, 1678 [4th Dept 2016]). Contrary to the mother's contention, "the fact that [she] may not have understood the reasoning for or agreed with the terms and conditions in the suspended judgment did not render such provisions anything less than compulsory" (Matter of Michael HH. [Michael II.], 124 AD3d 944, 945 [3d Dept 2015]), and her constitutional challenges to the terms of the suspended judgment are unpreserved for appellate review (see Matter of Jessica J., 44 AD3d 1132, 1133 [3d Dept 2007]; Matter of Dutchess County Dept. of Social Servs. v Judy M., 227 AD2d 478, 479 [2d Dept 1996]). Finally, any error in excluding certain photographs was harmless because the photographs depicted a residence that the mother herself acknowledged was not an appropriate home (see generally Matter of Neveah G. [Jahkeya A.], 156 AD3d 1340, 1341 [4th Dept 2017], lv denied 31 NY3d 907 [2018]).
Entered: April 24, 2020
Mark W. Bennett
Clerk of the Court