Matter of Christina S. (Jeffery S.) (2021 NY Slip Op 05430)





Matter of Christina S. (Jeffery S.)


2021 NY Slip Op 05430


Decided on October 8, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 8, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., LINDLEY, TROUTMAN, BANNISTER, AND DEJOSEPH, JJ.


800 CAF 19-02353

[*1]IN THE MATTER OF CHRISTINA S. ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-RESPONDENT; JEFFERY S., RESPONDENT-APPELLANT. (APPEAL NO. 1.)






DENIS A. KITCHEN, JR., WILLIAMSVILLE, FOR RESPONDENT-APPELLANT.
REBECCA HOFFMAN, BUFFALO, FOR PETITIONER-RESPONDENT. 
PETER VASILION, WILLIAMSVILLE, ATTORNEY FOR THE CHILD. 


 Appeal from an order of the Family Court, Erie County (Margaret O. Szczur, J.), entered December 18, 2019 in a proceeding pursuant to Social Services Law § 384-b. The order, among other things, granted petitioner's motion to revoke a suspended judgment and freed the subject child for adoption. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Respondent father appeals from an order that, inter alia, granted petitioner's motion to revoke a suspended judgment that had been entered upon the father's admission to permanently neglecting the subject child and freed the child for adoption. We affirm.
The father contends that petitioner failed to establish that he violated any of the terms and conditions of the suspended judgment. We reject that contention. Even assuming, arguendo, that petitioner failed to establish a violation of the condition requiring the father to obtain and maintain adequate housing, we conclude that petitioner established, by the requisite preponderance of the evidence (see Matter of Jenna D. [Paula D.], 165 AD3d 1617, 1618 [4th Dept 2018], lv denied 32 NY3d 912 [2019]), that the father failed to comply with the visitation requirements of the suspended judgment. In particular, petitioner established that the father failed to meet the condition in the suspended judgment requiring that he "graduate to unsupervised overnight access." Although the father places the blame for his failure on lapses by petitioner in its supervisory obligations and its failure to consult with an expert, "[e]ven lapses by an agency during a suspended judgment do not relieve a parent of his or her duty to comply with the terms of the suspended judgment" (Matter of Christian Anthony Y.T. [Donna Marie T.], 78 AD3d 410, 411 [1st Dept 2010]; see Matter of Jessica J., 44 AD3d 1132, 1133 [3d Dept 2007]).
The father's further contention regarding petitioner's purported failure to establish that it exercised diligent efforts to encourage and strengthen his parental relationship with the child lacks merit. Here, in moving to revoke the suspended judgment, petitioner alleged that the father violated various terms and conditions of the suspended judgment "despite diligent efforts of the caseworker to encourage and assist [the father] in fulfilling the terms and conditions" of the suspended judgment. Although petitioner correctly notes that an agency generally does not need to establish diligent efforts when a court is determining whether to revoke a suspended judgment (see Matter of Chanteau M.R.W. [Pamela R.B.], 101 AD3d 1129, 1129 [2d Dept 2012]; Matter of Ronald O., 43 AD3d 1351, 1351 [4th Dept 2007]; see also Matter of Seandell L., 57 AD3d 1511, 1511 [4th Dept 2008], lv denied 12 NY3d 708 [2009]), and nothing in the suspended judgment imposed such an obligation on petitioner, the father nevertheless contends that the aforementioned allegation created an obligation on the part of petitioner to establish the alleged [*2]diligent efforts. We reject that contention inasmuch as any lapses on the part of petitioner do not excuse the father's failure to comply with the terms and conditions of the suspended judgment (see Christian Anthony Y.T., 78 AD3d at 411; Jessica J., 44 AD3d at 1133).
Contrary to the father's final contention, there is "a sound and substantial basis in the record to support the determination that revocation of the suspended judgment and termination of [the father's] parental rights was in the [subject child's] best interests" (Matter of Max HH. [Kara FF.], 170 AD3d 1456, 1459 [3d Dept 2019]; see generally Jenna D., 165 AD3d at 1619).
Entered: October 8, 2021
Ann Dillon Flynn
Clerk of the Court