Matter of Serina C. (Ishmael M.) (2023 NY Slip Op 04713)

Matter of Serina C. (Ishmael M.)

2023 NY Slip Op 04713

Decided on September 26, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 26, 2023

Before: Manzanet-Daniels, J.P., Mendez, Shulman, Rosado, O'Neill Levy, JJ. 

Docket No. B-23557/16 Appeal No. 622 Case No. 2022-04808 

[*1]In the Matter of Serina C., Also Known as Sarina M., a Child Under the Age of Eighteen Years etc., Ishmael M., Respondent-Appellant, Rising Ground, Formerly Known as Leake & Watts Services, Inc., Petitioner-Respondent.

Steven N. Feinman, White Plains, for appellant.
Rosin Steinhagen Mendel, PLLC, New York (Douglas H. Reiniger of counsel), for respondent.
Donna C. Chin, New York, attorney for the child.

Order of disposition, Family Court, Bronx County (David J. Kaplan, J.), entered on or about April 27, 2022, which, upon a finding that respondent father had violated the terms of a suspended judgment, terminated his parental rights to the subject child and committed the child's guardianship and custody to petitioner agency and the Commissioner of the Administration for Children's Services for the purpose of adoption, unanimously affirmed, without costs.
A preponderance of the evidence supports the court's finding that the father violated the terms of the suspended judgment. There is no basis to disturb the court's credibility determinations (see Matter of Patrice H.W. [Marcia M.], 209 AD3d 554, 555 [1st Dept 2022]). The credible evidence established that the father failed to attend mental health services, submit to random drug tests, visit with the child regularly, or prohibit contact between the child and the mother during visits. Further, to the extent the father complied with the suspended judgment, he had not made progress as to the very issues that led to the child's removal at the outset, including his anger management problem and violent relationship with the mother. In view of the foregoing, the court properly determined that revocation of the suspended judgment and termination of the father's parental rights to free the child for adoption by the foster parents, with whom the child had lived with since birth and had bonded, were in the child's best interests (see Family Ct Act § 633[f]; Matter of Sjuqwan Anthony Zion Perry M. [Charnise Anotonia M.], 111 AD3d 473 474 [1st Dept 2013], lv denied 22 NY3d 864 [2014]; Matter of Christian Anthony Y.T. [Donna Marie T.], 78 AD3d 410 [1st Dept 2010]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 26, 2023