Matter of Carter B. (Heather B.) (2023 NY Slip Op 04872)

Matter of Carter B. (Heather B.)

2023 NY Slip Op 04872

Decided on September 29, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 29, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, OGDEN, NOWAK, AND DELCONTE, JJ.

672 CAF 22-00534

[*1]IN THE MATTER OF CARTER B. MONROE COUNTY DEPARTMENT OF HUMAN SERVICES, PETITIONER-RESPONDENT;
and
HEATHER B., RESPONDENT-APPELLANT.

JULIE CIANCA, PUBLIC DEFENDER, ROCHESTER (HENRY W. JONES, IV, OF COUNSEL), FOR RESPONDENT-APPELLANT.
JOHN P. BRINGEWATT, COUNTY ATTORNEY, ROCHESTER (MARY WHITESIDE OF COUNSEL), FOR PETITIONER-RESPONDENT. 
MAUREEN N. POLEN, ROCHESTER, ATTORNEY FOR THE CHILD. 

 Appeal from an order of the Family Court, Monroe County (James A. Vazzana, J.), entered February 22, 2022, in a proceeding pursuant to Social Services Law § 384-b. The order, among other things, adjudged that respondent had violated the terms and conditions of the suspended judgment and transferred her guardianship and custody rights with respect to the subject child to petitioner. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Respondent mother appeals from an order by which Family Court, inter alia, revoked a suspended judgment entered upon her admission that she had permanently neglected the subject child and terminated her parental rights with respect to that child. We affirm. There is a sound and substantial basis in the record to support the court's determination that the mother failed to comply with the terms of the suspended judgment and that the child's interests were best served by terminating the mother's parental rights (see Matter of Jerimiah H. [Kiarra M.], 213 AD3d 1298, 1298-1299 [4th Dept 2023], lv denied 39 NY3d 913 [2023]; Matter of Terry L.G., 6 AD3d 1144, 1145 [4th Dept 2004]; see generally Matter of Michael S. [Charle S.], 182 AD3d 1053, 1054 [4th Dept 2020], lv denied 35 NY3d 911 [2020]). The mother's contention that her due process rights were violated is unpreserved for our review and in any event is without merit (see Matter of Giovanni K. [Dawn K.], 68 AD3d 1766, 1767 [4th Dept 2009],
lv denied 14 NY3d 707 [2010]; see generally Matter of Jessica J., 44 AD3d 1132, 1133 [3d Dept 2007]).
Entered: September 29, 2023
Ann Dillon Flynn
Clerk of the Court