■ In the Matter of GRACE Q. and Another, Children Alleged to be Permanently Neglected. TOMPKINS COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; PAUL Q., Appellant. [607 NYS2d 457] —White, J. Appeal from an order of the Family Court of Tompkins County (Barrett, J.), entered March 12, 1992, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to, *inter alia,* adjudicate two of respondent's children to be permanently neglected, and terminated his parental rights.

On September 20, 1991, respondent, who holds a doctorate in biology, admitted the allegations set forth in a permanent neglect petition filed by petitioner and consented to an order of adjudication and disposition which was a suspended judgment. The suspended judgment required respondent to satisfactorily complete an inpatient alcohol treatment program within 90 days and, upon completion of the program, to

cooperate with petitioner in a plan for the return of his two children, then ages three and one. In February 1992, petitioner requested that the order of disposition be revoked based upon respondent's failure to comply with its terms and that an order be entered terminating his parental rights. Following a hearing, Family Court found that respondent failed to plan for the children's return and that it was in their best interests to terminate his parental rights.* Respondent appeals. We affirm.

Initially, we note that Family Court's determination need only be supported by a preponderance of the evidence because its determination of whether the terms of the suspended judgment were met was part of the dispositional phase of this proceeding (see, Matter of Gerald M., 112 AD2d 6). Here, the evidence shows that respondent did complete the inpatient treatment program in October 1991 but, although he admits that he is alcohol dependent, he discontinued outpatient counseling in January 1992. Respondent also rejected his counselor's advice that he return to inpatient care. He further admitted that he had a five-day lapse of sobriety in January 1992 which led to his eviction from a Red Cross shelter due to his unruly behavior. There was also other evidence that he was intoxicated at various times after he completed the inpatient program.

Other than to purchase a stationwagon, his attempts to plan for the children's return were unfocused. He testified that he was keeping his "eyes open for suitable" housing and that he intended to support the children by obtaining money from his relatives, from work or, if necessary, from public assistance.

The obligation to plan imposed by Social Services Law § 384-b (7) (c) requires parents "to take such steps as may be necessary to provide an adequate, stable home and parental care for the child within a period of time which is reasonable under the financial circumstances available to the parent". At a minimum, a parent is required to address and overcome the "specific personal and familial problems which initially endangered or proved harmful to the child, and which may in the future endanger or possibly harm the child" (Matter of Tammy B., 185 AD2d 881, 882, lv denied 81 NY2d 702; see, Matter of Nathaniel T., 67 NY2d 838).

Respondent's lapses of sobriety, coupled with his decision to terminate his outpatient counseling and refusal to return to

---

* Family Court also terminated the parental rights of the children's mother. She, however, has not perfected her appeal.

inpatient care, clearly indicate that he has not addressed and overcome his alcohol abuse problem. Additionally, his failure to obtain either housing or employment further evinces his inability to provide an adequate and stable home for his children. Accordingly, we conclude that Family Court's finding that respondent failed to plan for the return of his children is supported by a preponderance of the evidence *(see, Matter of Jennie EE.,* 187 AD2d 877, *lv denied* 81 NY2d 706; *Matter of Victoria B.,* 185 AD2d 811).

Respondent's argument that Family Court erred in failing to conduct a further dispositional hearing on the best interests of the children is not well taken because Family Court had already considered their best interests when it suspended judgment and indicated to respondent that if he failed to comply with the conditions his parental rights could be terminated *(see, Matter of Patricia O.,* 175 AD2d 870). Thus, considering that the children have spent almost their entire lives in foster homes, together with respondent's inability or unwillingness to overcome his alcoholism, Family Court's determination to terminate his parental rights was in the children's best interests *(see, Matter of Nathaniel T., supra,* at 842; *Matter of Katina Valencia H.,* 119 AD2d 821, 823).

Cardona, P. J., Mikoll, Crew III and Weiss, JJ., concur. Ordered that the order is affirmed, without costs.