■ In the Matter of JENNIFER T. and Others, Children Alleged to be Permanently Neglected. TOMPKINS COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; PATRICIA U., Appellant. [638 NYS2d 219] —White, J. Appeal from an order of the Family Court of Tompkins County (Barrett, J.), entered June 8, 1994, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to, *inter alia,* terminate respondent's parental rights.

Following respondent's withdrawal of her denial of the allegations of a petition alleging that she had permanently neglected her four children, Family Court adjudged the children to be permanently neglected and, on July 15, 1993, entered a suspended judgment. In November 1993, petitioner initiated this proceeding which, after fact-finding and dispositional hearings, resulted in an order entered June 8, 1994 revoking the suspended judgment and terminating respondent's parental rights. Respondent appeals.

A suspended judgment provides parents, who have been found to have permanently neglected their children, with a brief grace period of up to one year within which to prepare themselves to be reunited with their children (*see, Matter of Michael B.*, 80 NY2d 299, 311). During this period, the parents must comply with terms and conditions set forth in the judgment that are designed to ameliorate their acts (22 NYCRR 205.50 [a]). Where there is noncompliance with the conditions, Family Court, after an evidentiary hearing, may revoke the

---

suspended judgment and terminate parental rights provided the parents' noncompliance was established by the preponderance of the evidence (see, Matter of Michael B., supra; Matter of Grace Q., 200 AD2d 894, 895; see also, 22 NYCRR 205.50 [d] [4]).

Here, petitioner contended that respondent failed to comply with two conditions set forth in the suspended judgment: (1) that she obtain Federally subsidized "section 8" housing (see, 42 USC § 1437 et seq.) or otherwise acquire appropriate housing for herself and the children, and (2) that she avoid relationships with individuals who abused substances and/or engaged in acts of domestic violence. The proof at the fact-finding hearing revealed that respondent was issued a voucher for section 8 housing on June 30, 1993 which she let expire on September 28, 1993. Thereafter, she missed several appointments to renew the voucher and at the time of the hearing still had not obtained a new one despite the importunings of her caseworker to secure adequate housing. Respondent maintained that she made numerous calls seeking an apartment, utilizing lists provided by petitioner and the Ithaca Housing Authority and newspaper advertisements, but was unable to obtain a three or four-bedroom apartment because the lists were outdated, the rent was too high or the apartment was rented. Notably, she did not provide any specifics supporting this claim.

The record evidence further discloses that in August 1993 respondent rented a room from Edna Shevalier, the mother of Gary Shevalier (hereinafter Shevalier), whom respondent had been dating since July 1992. Respondent admitted that she knew Shevalier had violent tendencies and smoked marihuana; however, she contended that he was never violent toward her and she would leave his presence when he was smoking marihuana. Respondent's claims were contradicted by her caseworker who stated that respondent would call her to say that she was hiding from Shevalier because she was afraid of him when he was drinking and taking drugs. The caseworker also related that respondent told her someone named Tracy Frank was in and out of the house and that she was also afraid of him when he was abusing alcohol and drugs.

Family Court found that this evidence established noncompliance with the aforementioned conditions as it shows that respondent failed to make a diligent effort to obtain suitable housing and that she consorted with Shevalier, known to her to be abusive and violent toward her, and Tracy Frank who was frequently in the same premises as respondent when abusing alcohol and drugs.

In our view, given the great deference we accord to Family Court's factual findings and determinations of credibility issues (*see, Matter of Angelina AA.*, 211 AD2d 951, 952, *lv denied* 85 NY2d 808; *Matter of Esther CC.*, 194 AD2d 949, 951), Family Court's findings are supported by a preponderance of the evidence. Accordingly, we reject respondent's challenge to the sufficiency of the evidence which we note is premised upon the incorrect assumption that the clear and convincing standard of proof is applicable to this proceeding.

Finally, taking into account respondent's continuing failure to secure housing for her children along with her inability or unwillingness to remove herself from a destructive environment, and as the children are entitled to a permanent and stable home after having been in foster care for over three years, Family Court's determination to revoke respondent's parental rights was in the children's best interest (*see, Matter of St. Christopher O.*, 204 AD2d 765, 766, *lv denied* 84 NY2d 805).

For these reasons, and as we find respondent's remaining contentions unpersuasive, we affirm.

Mikoll, J. P., Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, without costs.