■ In the Matter of RYAN V. and Another, Children Alleged to be Permanently Neglected. BROOME COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; BARBARA V., Appellant. [662 NYS2d 861] —Mercure, J. Appeal from an order of the Family Court of Broome County (Ray, J.), entered July 29, 1996, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to, *inter alia*, terminate respondent's parental rights.

In September 1994, Family Court adjudicated respondent's two children to be permanently neglected based upon a finding, *inter alia*, that respondent's husband had sexually abused one of the children. Pursuant to Family Court Act § 633 and upon a stipulation entered into by the parties, Family Court suspended judgment terminating respondent's parental rights upon condition that respondent, among other things, not allow her husband in the children's presence, demonstrate that she would never again involve her husband in the children's lives, acknowledge and recognize that her child had been sexually

abused by her husband, become a protective ally for her children and cooperate with a sexual abuse project concerning her other child. Family Court's order further provided that, should respondent not comply with the terms of the suspended judgment,* her parental rights would be terminated, and petitioner was to submit a report by June 1, 1995 addressing the extent of respondent's compliance. In May 1995, petitioner filed the required report, indicating that respondent had not become a protective ally for her children, but had continued her relationship with her husband and had withheld information concerning that relationship. In August 1995, petitioner initiated this proceeding seeking revocation of the suspended judgment. Following a fact-finding hearing, Family Court determined that respondent had violated the conditions of the suspended judgment and entered an order permanently terminating respondent's parental rights. Respondent appeals.

We affirm. Initially, we reject the contention that petitioner failed to satisfy its burden of establishing by a preponderance of the evidence that respondent breached the conditions of the suspended judgment (see, Matter of Desiree W., 232 AD2d 227, 228; Matter of Jennifer T., 224 AD2d 843, supra). To the contrary, the evidence adduced at the fact-finding hearing, including the testimony of mental health professionals, caseworkers and the children's foster parents, provided an ample basis for the conclusion that, although respondent attempted to comply with many of the more literal terms of the suspended judgment, because of her history of sexual abuse and dependency on her husband she was unable to recognize the injury inflicted upon her children, could not make a definitive statement regarding her future with her husband and was unable to become a protective ally for her children (see, Matter of Kenneth A., 206 AD2d 602, 603). For instance, on more than one occasion respondent stated to the children's social worker that as a child she had been sexually abused by her father, that she had to live with him and deal with the situation and that her children would learn to do the same. Respondent also stated that, should the children return to her home, she would maintain contact with her husband and when the children were old enough to leave, she would have her husband move in with her. In addition, the clinical social worker who was treating respondent stated that, throughout her therapy, respon-

---

* As we have noted, a suspended judgment provides a parent, following an adjudication of permanent neglect, with a brief grace period of up to one year within which to prepare to be reunited with the children (see, Matter of Jennifer T., 224 AD2d 843).

dent remained very focused on her own needs and had a difficult time understanding the impact of the abuse on the children. Ultimately, the therapist gave the final assessment that respondent was not capable of being a protective ally for the children. Notwithstanding respondent's reference to hearing evidence favorable to her, given the great deference to be afforded Family Court's determination of credibility issues, we conclude that Family Court's findings are supported by a preponderance of the evidence (*see, Matter of Jennifer T.*, 224 AD2d 843, *supra*).

We also reject the contention that Family Court erred in failing to conduct a dispositional hearing. Inasmuch as Family Court considered the best interests of the children in issuing the stipulated order of disposition suspending judgment, it was not required to conduct a further dispositional hearing subsequent to the finding of violation (*see, Matter of Desiree W.*, 232 AD2d 227, 228, *supra*; *Matter of Grace Q.*, 200 AD2d 894, 896). Here, Family Court fully satisfied its obligation by conducting an evidentiary hearing to determine the issue of noncompliance with the suspended judgment (*see, Matter of Jennifer T.*, *supra*), and we are not persuaded that the cases of *Matter of Suffolk County Dept. of Social Servs. (Michael V.) v James M.* (83 NY2d 178) or *Matter of Patricia O.* (175 AD2d 870) hold to the contrary.

Cardona, P. J., Peters, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.