■ In the Matter of ERICKA LL., a Child Alleged to be Permanently Neglected. ALBANY COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; LEONA LL., Appellant. [683 NYS2d 323] —Cardona, P. J. Appeal from an order of the Family Court of Albany County (Duggan, J.), entered January 13, 1998, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to find respondent in violation of a suspended judgment, and terminated her parental rights.

The child who is the subject of this proceeding was born to respondent on July 13, 1991 and has spent most of her life in foster care. In August 1994, respondent admitted to permanently neglecting the child and consented to the entry of a suspended judgment. Under the terms of the suspended judgment, the child was to remain in petitioner's custody until August 15, 1995 and, during this period, respondent agreed, *inter alia*, to provide a safe, clean, stable and permanent home for the child, complete parenting education at Community Maternity Services (hereinafter CMS) and participate in mental health counseling at Jewish Family Services (hereinafter JFS). On June 1, 1995, petitioner filed a petition alleging that respondent violated the terms of the suspended judgment. Respondent admitted to the violations and consented to an extension of the suspended judgment until November 15, 1995.

Shortly thereafter, in October 1995, petitioner filed a petition and an amended petition alleging that respondent violated the terms of the suspended judgment. After a hearing, Family Court found that many of the allegations had been proved and ordered a dispositional hearing. Following the dispositional hearing, Family Court found that respondent had violated the suspended judgment and terminated her parental rights. Respondent appeals.

We affirm. Initially, we note that "[a] suspended judgment is, in effect, a 'second chance' for a parent who has been found to have permanently neglected a child to complete the goals necessary to be reunited with the child" (*Matter of Jennifer VV.*, 241 AD2d 622, 623; *see, Matter of Michael B. [Marvin B.]*, 80 NY2d 299, 311). The failure to comply with the terms of a

suspended judgment is a ground for terminating parental rights if the noncompliance has been demonstrated by a preponderance of the evidence (*see, Matter of Jennifer VV., supra,* at 623; *Matter of Desiree W.,* 232 AD2d 227, 228; *Matter of Grace Q.,* 200 AD2d 894, 895). Family Court's factual findings in this regard are entitled to deference (*see, Matter of Ryan V.,* 243 AD2d 865, 867; *Matter of Jennifer VV., supra,* at 624; *Matter of Jennifer T.,* 224 AD2d 843, 845).

In the instant case, Family Court's determination that respondent violated three provisions of the suspended judgment is supported by a preponderance of the evidence. Respondent was found to have failed to provide a safe, clean, stable and permanent home for the child. Evidence was adduced that respondent was evicted from her apartment for nonpayment of rent after incurring high telephone, cable and medical bills even though she received financial assistance from petitioner. She did not appear in the eviction proceeding or notify petitioner that it was pending. After the eviction, she and the child moved into the home of her mother, a party with whom the child was not to have contact. Respondent concealed this fact from petitioner and misled petitioner about the reason for the eviction. Although petitioner was notified of the living arrangement by respondent's mother, respondent admitted that she never intended to disclose it to petitioner.

Respondent was also found to have failed to successfully participate in parenting education at CMS and to follow any recommendations. With respect to this violation, two caseworkers testified that respondent failed to enroll the child in a day care program despite that recommendation by CMS. Respondent testified that she did not enroll the child because she did not think the child was ready for it acknowledging that she disregarded the suggestions of the caseworkers.

Lastly, respondent was found to have failed to attend required mental health counseling sessions at JFS. The clinical social worker from JFS who treated respondent testified that she missed two appointments in September 1995 and one in October 1995. She stated that respondent became angry at her during an appointment on October 18, 1995 and, after that date, did not make any more of her appointments. The foregoing evidence amply supports Family Court's findings. We further note that, under the circumstances presented and in view of the fact that the child has spent most of her life in foster care, the child's best interest is served by Family Court's decision to terminate respondent's parental rights (*see,* Family Ct Act § 631; *Matter of Desiree W., supra,* at 228; *Matter of Kenneth A.,* 206 AD2d 602).

Mercure, Spain, Carpinello and Graffeo, JJ., concur. Ordered that the order is affirmed, without costs.