■ In the Matter of PATRICK JJ., and Another, Alleged to be Permanently Neglected Children. BROOME COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; CHARMAINE KK., Appellant, et al., Respondent. [690 NYS2d 786] —Mercure, J. Appeal from an order of the Family Court of Broome County (Ray, J.), entered December 18, 1997, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate Patrick JJ. and Brian KK. to be permanently neglected children, and terminated respondents' parental rights.

Respondent Charmaine KK. (hereinafter respondent) has two sons (hereinafter the children) who were born in 1989 and 1991, respectively. The children were placed in petitioner's custody in August 1992. By order entered February 3, 1993, the children were adjudicated to have been neglected by respondent based upon findings, among others, that respondent was abusive, permitted herself and the children to be physically abused by her husband (the father of one of the children), and consistently failed to follow through and be a protective ally for the children. In September 1994, petitioner filed a petition alleging that the children had been permanently neglected by respondent. Respondent admitted to allegations, among others, that she had failed to plan for the children's return for a period in excess of one year and that petitioner had made diligent efforts to reunite the children with respondent. By order entered in April 1995, Family Court made a finding of permanent neglect and, following a dispositional hearing that commenced in July 1996, ultimately determined that the children's best interests would be served by terminating respondent's parental rights. Respondent appeals, challenging only so much of Family Court's order as terminated her parental rights.

We affirm. The testimony of several caseworkers and mental

health professionals who had been involved with respondent and her family over the years indicated that the children have serious behavioral problems and were prone to violence and that one or both of the children had sexually abused their sister. Respondent also frequently admitted that she was overwhelmed by the children's behavior and was unable to discipline them with any consistency, thereby exacerbating their existing behavioral problems. Perhaps most damaging, the record reveals that during a trial discharge period commencing in September 1995, respondent slapped one of her children across the face, leaving a distinct handprint, and her boyfriend threw the child against a wall, fracturing his clavicle. Respondent then delayed in seeking medical treatment and thereafter gave false statements as to the manner in which the child had been injured. As a result, the trial discharge period was cut short and the children were returned to foster care.

Notwithstanding respondent's citation to favorable evidence in the record, we conclude that Family Court's findings are supported by a preponderance of the evidence (*see, Matter of Ryan V.*, 243 AD2d 865, 867) and we perceive no valid basis for disturbing Family Court's finding that the children's best interests will be served by terminating respondent's parental rights (*see, Matter of Star Leslie W.*, 63 NY2d 136, 147).

Mikoll, J. P., Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is affirmed, without costs.