■ In the Matter of NICOLE OO. and Another, Children Alleged to be Permanently Neglected. DELAWARE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; MARIA PP., Appellant. [691 NYS2d 676] —Graffeo, J. Appeal from an order of the Family Court of Delaware County (Estes, J.), entered January 21, 1998, which, in a proceeding pursuant to Social Services Law § 384-b, *inter alia*, revoked a prior order of disposition.

In April 1996, respondent, the mother of two children who have resided in foster care since 1993, was charged with permanent neglect by petitioner. At the conclusion of a fact-finding hearing, Family Court determined that respondent permanently neglected her children. Judgment was suspended for one year on the condition that respondent abide by certain terms and conditions, *inter alia*, that respondent participate in mental health therapy with the children, meet regularly with a parent aide and caseworker to discuss structured activities and appropriate parenting techniques, maintain a stable and safe household, and continue to work on a progressive visitation schedule leading to extended visitation.

---

In July 1997, petitioner filed an amended petition to revoke the order suspending judgment in the permanent neglect proceeding. A dispositional hearing held shortly thereafter revealed that in January 1997, while the children were residing with respondent and her husband in connection with a trial discharge, electrical service was discontinued at the residence due to respondent's failure to pay the utility bill. The record evidence further disclosed that respondent failed to make arrangements for her children's continued Medicaid benefits and neglected to monitor the children's supply of prescription medication. Additionally, petitioner contended that respondent allegedly hid several episodes of domestic violence from her caseworker, including an attack by her husband using a circular saw which injured her fingers. Petitioner maintained that, in June 1997, respondent left the home she was sharing with her husband due to domestic violence, but had no plan for providing housing, food or other support for her children. Despite their separation, it was alleged that respondent continued to allow her husband to visit her apartment, where they argued in front of the children. Respondent also socialized with various male friends, including a convicted sex offender. One such individual struck one of respondent's daughters and another acquaintance encouraged the children to write obscenities on the sidewalk in front of respondent's apartment. Petitioner testified that, throughout this time period, it continued to provide services to respondent and attempted to engage her in a planning process, but respondent remained uncooperative.

Upon arrival at respondent's home to temporarily remove the children pending the outcome of the July 1997 amended petition, petitioner's supervisor of foster care observed that the children were unkempt, their clothes were strewn throughout the apartment, and garbage and clutter had accumulated at the residence. Despite petitioner's continued endeavors to provide assistance to respondent, the evidence showed that she failed to notify petitioner of her whereabouts and refused to regularly meet with her counselors or to otherwise avail herself of the services offered by petitioner. Petitioner also claimed that respondent neglected to adequately complete her job search book.

Family Court, based on its finding that respondent failed to comply with the terms and conditions of the suspended judgment, revoked the suspension and awarded custody of the children to petitioner. Respondent now appeals and we affirm.

A suspended judgment provides parents who have been adjudicated to have permanently neglected their children a pe-

riod of up to one year within which to prepare themselves and "complete the goals necessary to be reunited with the child" (*Matter of Jennifer VV.*, 241 AD2d 622, 623; *see, Matter of Jennifer T.*, 224 AD2d 843; *see also*, Family Ct Act § 633). In order to avoid revocation of parental rights, the terms and conditions enunciated in the suspended judgment must be complied with by the parent (*see, Matter of Michael B.*, 80 NY2d 299, 311; *Matter of Ericka LL.*, 256 AD2d 1037, 1037-1038; *Matter of Jennifer T.*, *supra*, at 843). Furthermore, the parent must demonstrate that progress is being made and that appropriate steps are being taken to address and ameliorate the problems that endangered the children (*see, Matter of Jennifer VV.*, *supra*, at 623; *Matter of Grace Q.*, 200 AD2d 894, 895).

Here, the record demonstrates that respondent failed to comply with the conditions in the suspended judgment, notwithstanding petitioner's repeated attempts to assist her. Not only did she conceal her whereabouts from petitioner and refuse to utilize services offered by petitioner, respondent neglected to regularly attend counseling, a condition of the suspended judgment. Respondent also intentionally withheld information regarding the existence of continued domestic violence, and after leaving the marital residence, failed to formulate a plan as to how she would provide a suitable and stable home environment for her children. We further note the Law Guardian advocated that no further extension of the suspended judgment should be issued in light of the domestic violence witnessed by the children and respondent's failure to cooperate with petitioner.

According substantial deference to Family Court's resolution of credibility issues (*see, Matter of Jennifer T.*, *supra*, at 845), we conclude that a preponderance of evidence (*see, Matter of Grace Q.*, *supra*, at 895) supports Family Court's findings that respondent violated the suspended judgment, thereby warranting the revocation of the suspended judgment. Also, reviewing the entire record, we further find no basis to disturb Family Court's determination that termination of respondent's parental rights was in the best interests of the children (*see, Matter of Ericka LL.*, *supra*, at 1038), especially in light of respondent's voluntary admissions to allegations contained in the petition (*see, Matter of Sharena C.*, 186 AD2d 249, 250).

Cardona, P. J., Mikoll, Crew III and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, without costs.