■ In the Matter of MICHAEL V., a Child Alleged to be Permanently Neglected. OTSEGO COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; RAYMOND V., Appellant, et al., Respondent. [717 NYS2d 805] —Rose, J. Appeal from an order of the Family Court of Otsego County (Coccoma, J.), entered September 28, 1999, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate Michael V. a permanently neglected child, and terminated the parental rights of respondent Raymond V.

Respondent Raymond V. (hereinafter respondent) is the biological father of Michael V. (hereinafter the child), born in 1992. After his birth, the child resided in Florida with respondent and his biological mother, Alissa W. (hereinafter the mother), until 1995, when his parents divorced. Thereafter, the child resided with respondent until March 1997, when respondent sent the child to live with his mother in Otsego County. This arrangement ended abruptly in June 1997 when the mother, who had suffered from mental illness and been addicted to crack cocaine and alcohol during the marriage, was found intoxicated and unconscious on a lawn.

After the child was adjudicated as neglected, custody was transferred to petitioner and the child was placed in the care of a foster parent with whom he has resided to the present time. After over a year of foster care, petitioner sought an adjudication that the child had been permanently neglected and severing the parental rights of both biological parents. At a fact-finding hearing, the mother voluntarily signed a conditional surrender of her parental rights, and respondent consented to the adjudication of permanent neglect, but without prejudice to

his parental rights. After conducting a dispositional hearing in July 1999, Family Court terminated respondent's parental rights and concluded that it would be in the child's best interest to award custody to petitioner. Respondent appeals and we affirm.

Pursuant to Family Court Act § 631, following an adjudication of permanent neglect, "[a]n order of disposition shall be made * * * solely on the basis of the best interests of the child, and there shall be no presumption that such interests will be promoted by any particular disposition" including custody with a biological parent (see, Matter of Star Leslie W., 63 NY2d 136, 147; Matter of Tiffany A., 242 AD2d 709, 712-713). Because Family Court must weigh the evidence presented at trial and assess the credibility of witnesses, its determination of the child's best interests is accorded considerable deference by the reviewing court (see, Matter of Matthew YY., 274 AD2d 685, 689; Matter of Ericka LL., 256 AD2d 1037, 1038; Matter of Ryan V., 243 AD2d 865, 867).

Here, the hearing testimony clearly supports Family Court's findings that the child suffers from attention deficit hyperactivity disorder, anxiety disorder and depression, and requires a more structured environment than respondent is capable of providing. Respondent's inability to care for the child was illustrated by his decision to send the child to live with his mother in Otsego County in 1997 despite the fact that the child had no contact with her for the previous two years and respondent's knowledge of her alcohol and drug abuse. Respondent was also without a residence of his own, alternating between living at his parents' house and living with his pregnant girlfriend, who resided with her parents. Further, he had discontinued recommended participation in a drug abuse treatment program and Alcoholics Anonymous. In contrast, witnesses confirmed that the child's condition has greatly improved during the two years he has lived in foster care.

In view of this evidence, we decline to disturb Family Court's factual finding that the best interest of the child required termination of respondent's parental rights (see, Matter of Patrick JJ., 262 AD2d 678, 679).

Cardona, P. J., Crew III, Mugglin and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.