■ In the Matter of MICHAEL F. and Another, Children Alleged to be Permanently Neglected. SULLIVAN COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; MICHAEL G., Appellant. [726 NYS2d 810] —Mercure, J. P. Appeal from an order of the Family Court of Sullivan County (Meddaugh, J.), entered September 22, 2000, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate respondent's children to be permanently neglected, and terminated respondent's parental rights.

In 1996, Family Court adjudicated respondent's children, Michael F. and Michelle F., to be neglected and placed them in petitioner's custody for a series of 12-month terms. In February 1999, petitioner initiated this proceeding to adjudicate the children to be permanently neglected and to terminate respondent's parental rights. A fact-finding hearing was conducted and, in December 1999, Family Court concluded that the children were permanently neglected by respondent. Following a dispositional hearing, Family Court terminated respondent's parental rights. Respondent appeals.

We affirm. Initially, we reject the contention that petitioner failed to fulfill its statutory obligation to exercise diligent efforts to encourage and strengthen respondent's parental relationship with the children (see, Social Services Law § 384-b [7] [a], [f]; Matter of Star Leslie W., 63 NY2d 136, 142; Matter of Richard W., 265 AD2d 685, 686-687). Although acknowledging that petitioner formulated a viable plan and facilitated regular visitation between respondent and the children, it is respondent's position that petitioner failed to provide him with adequate assistance in achieving certain goals of its plan, particularly the requirements that respondent locate and maintain gainful employment and stable housing and participate in a mental health evaluation and counseling, if recom-

mended. What respondent fails to recognize is that his frequent and extended periods of incarceration and his failure to meaningfully address his alcoholism or improve his parenting skills precluded realistic progress toward those goals.

The evidence adduced at the fact-finding hearing showed that respondent began parenting classes in 1996 but did not complete the program because he was arrested for selling drugs. He was referred back to the parenting program following his February 1998 release from State prison but attended only one session. A Sullivan County substance abuse treatment facility evaluated respondent in October 1996 and prescribed treatment but was required to close his case in December 1996 because of poor attendance. Respondent was reevaluated following his February 1998 release from prison and it was recommended that he attend two different rehabilitation groups. After only sporadic attendance, however, respondent was referred to a more intensive 30 to 60-day inpatient treatment program. His participation in that program lasted only 12 hours. As of the time of the fact-finding hearing, respondent had not completed any of the substance abuse treatment programs he had entered. Fundamentally, an agency "is not the guarantor of a parent's success" (*Matter of Richard X.*, 226 AD2d 762, 763, *lv denied* 88 NY2d 808) and will be "deemed to have fulfilled its duty" when it "has embarked on a diligent course but faces lack of cooperation or indifference" on the part of the parent (*id.*, at 763).

We are similarly unpersuaded that Family Court erred in finding that respondent failed to plan for the future of the children (*see*, Social Services Law § 384-b [7] [a], [c]). To the contrary, the evidence previously set forth demonstrates respondent's failure "to address and overcome the 'specific personal and familial problems which initially endangered or proved harmful to the child[ren], and which may in the future endanger or possibly harm [them]'" (*Matter of Grace Q.*, 200 AD2d 894, 895, quoting *Matter of Tammy B.*, 185 AD2d 881, 882, *lv denied* 81 NY2d 702), thereby supporting a finding of permanent neglect (*see*, *Matter of Star Leslie W.*, 63 NY2d 136, 142-143, *supra*; *Matter of Kelly G.*, 223 AD2d 878, 879, *lv denied* 88 NY2d 801).

Finally, based upon the evidence of the children's bonding with their foster parents, the strong possibility of a "permanent, adoptive relationship" (*Matter of Michael E.*, 241 AD2d 635, 638) and respondent's demonstrated refusal to come to terms with his alcoholism and parenting inadequacies, we are not persuaded to disturb Family Court's determination that

the children's best interests would be promoted by terminating the parental relationship. Respondent's remaining contentions are either unpreserved for our review or have been considered and found to be unavailing.

Peters, Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.