■ In the Matter of SHAWNA DD. and Another, Children Alleged to be Permanently Neglected. BROOME COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; SUZANNE DD., Appellant. [734 NYS2d 724] —Mugglin, J. Appeal from an order of the Family Court of Broome County (Pines, J.), entered September 21, 2000, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to revoke a suspended judgment and, *inter alia*, terminated respondent's parental rights.

In May 1998, petitioner filed a neglect petition alleging that respondent neglected her two children, Shawna (born in 1992) and Alijah (born in 1997). Respondent appeared at the fact-

finding hearing on November 9, 1998 and admitted abusing alcohol and crack cocaine. Evidence was introduced which established that the children were left unattended and without adequate food. Family Court found that the children were neglected and ordered that they remain in the custody of petitioner for a 12-month period.

In October 1999, petitioner commenced a permanent neglect proceeding pursuant to Social Services Law § 384-b. On February 25, 2000, respondent, represented by counsel, appeared before Family Court and acknowledged petitioner's efforts to reunite her family, her own failure to cooperate with petitioner or in any way to plan for the return of her children, and she admitted her failure to complete court-ordered substance abuse counseling. Respondent consented to an adjudication and disposition of permanent neglect with such judgment being suspended for 12 months. The conditions of the suspension included respondent's cooperation with petitioner to strengthen her parental relationship, her refraining from using drugs or alcohol and her satisfactory completion of a substance abuse treatment program.

In April 2000, petitioner sought revocation of the suspended judgment alleging that respondent failed to comply with its terms and conditions by using both alcohol and cocaine, missing telephone contact and scheduled visits with her children, refusing to take drug screens and being charged with prostitution. Respondent failed to appear for a fact-finding hearing in May 2000 and again at a rescheduled hearing in September 2000, although her attorney appeared at the latter hearing on her behalf. Family Court found, by a preponderance of the evidence, that respondent failed to comply with the terms and conditions of the suspended judgment and that it was therefore in the best interests of the children to revoke the suspended judgment. Family Court terminated respondent's parental rights, freeing the children for adoption. Respondent appeals alleging that Family Court's determination was an abuse of discretion because Family Court overlooked the substantial progress she had made by staying 'sober for 4½ months, petitioner failed to document its efforts to reunite the family, petitioner failed to show that it had assisted in formulating a plan for the future or to address respondent's financial problems and Family Court's decision is not supported by "clear and convincing evidence."

We find each of these contentions to be meritless and affirm Family Court's order. Complying with the terms and conditions of a suspended judgment gives parents who have been

adjudicated to have permanently neglected their children another opportunity to be reunited with them (see, Matter of Nicole OO. [Maria PP.], 262 AD2d 808, 809-810; Matter of Jennifer VV. [Rhonda VV.], 241 AD2d 622, 623). However, where the evidence demonstrates a parent's failure to comply with the terms and conditions of the suspended judgment, or the parent's failure to ameliorate the specific problem that led to the children's removal, that parent's parental rights may be terminated (see, 22 NYCRR 205.50 [a]; Matter of Jennifer VV. [Rhonda VV.], supra, at 623; Matter of Jennifer T. [Patricia U.], 224 AD2d 843, 843-844). The quantum of proof necessary to support such findings is a preponderance of the evidence (see, Matter of Jennifer VV. [Rhonda VV.], supra, at 623; Matter of Jennifer T. [Patricia U.], supra, at 843-844; Matter of Grace Q. [Paul Q.], 200 AD2d 894, 895). Such findings will ordinarily not be disturbed unless they lack a "sound and substantial basis in the record" (Matter of Angelina AA. [Joseph BB.], 211 AD2d 951, 952, lv denied 85 NY2d 808).

This record chronicles respondent's abuse of alcohol and cocaine from May 1998. The record further chronicles petitioner's repeated efforts to help respondent overcome these problems and reunite her with her children. Particularly telling is respondent's conduct since February 25, 2000, the date when she agreed to the conditions contained in the suspended judgment. Since that time, she has been charged with prostitution, refused two drug and alcohol screens and submitted to a third screening which tested positive for cocaine. She also had admitted drinking alcohol and using cocaine several times during this period, has repeatedly missed telephone contact and visitation dates with the children, lied about arranging substance abuse treatment and counseling and either failed to complete or refused to attend such programs. In fact, on May 22, 2000, when she was due in court for the fact-finding hearing, respondent was missing from a treatment facility and her whereabouts were unknown. Clearly, Family Court's decision is supported by a preponderance of the evidence and the decision to terminate respondent's parental rights is in the children's best interests.

Spain, J. P., Carpinello, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.