█ In the Matter of BRANDON OO., a Child Alleged to be Permanently Neglected. TOMPKINS COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; JAMES OO., Appellant. [754 NYS2d 595] —Rose, J. Appeal from an order of the Family Court of Tompkins County (Rowley, J.), entered January 8, 2002, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate respondent's child to be permanently neglected, and terminated respondent's parental rights.

Respondent is the biological father of Brandon. Primarily because respondent was an untreated sex offender and an abuser of alcohol and illegal drugs, the child was placed in petitioner's custody within two days of his birth in November 1999 and found to be permanently neglected following a fact-finding hearing in July 2001. After conducting a dispositional hearing in September 2001, Family Court concluded that it would be in the child's best interest to terminate respondent's parental rights and free the child for adoption. The sole issue presented on this appeal is whether the child's best interest required the dispositional alternative of a suspended judgment for one year.

At a dispositional hearing, Family Court's only concern is the best interest of the child, and there is no presumption that return to a parent is in the child's best interest (*see* Family Ct Act § 631; *Matter of Star Leslie W.*, 63 NY2d 136, 147-148). At the time of the dispositional hearing here, respondent had failed to complete both his substance abuse and sexual offender treatment programs. He was also unemployed and, although he was eligible for medical benefits, he had failed to sign up for them despite the need to do so in order to pay his treatment agencies. His recent drug relapse and sporadic attendance at his drug treatment program, as well as his current homelessness, all presented risks to the stable environment required by this special needs child. Although respondent had been participating in supervised visitation with the child for one or two hours each week, and those visits were characterized as appropriate and positive, the child has lived his entire life with his foster parents, he has bonded with them and they have met his special needs. His half sister also lives in the foster home,

and the foster parents seek to adopt both children. Given the support that we find in this record for Family Court's determination of the child's best interest (*see Matter of Michael F.*, 285 AD2d 694, 695-696, *lv denied* 96 NY2d 722; *Matter of Michael V.*, 279 AD2d 668, 669, *lv denied* 96 NY2d 709), it was not error to deny respondent's request for a one-year suspension of judgment here (*see Matter of Thelonius BB.*, 299 AD2d 775, 776-777).

Mercure, J.P., Spain, Carpinello and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.