■ In the Matter of BRITTNEY U. and Others, Children Alleged to be Permanently Neglected. BROOME COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; EDWIN V. et al., Appellants. (And Another Related Proceeding.) [843 NYS2d 700]—

Rose, J. Appeal from an order of the Family Court of Broome County (Charnetsky, J.), entered September 28, 2006, which, among other things, granted petitioner's applications, in two proceedings pursuant to Social Services Law § 384-b, to revoke two suspended judgments, and terminated respondents' parental rights.

In the course of prior permanent neglect proceedings against them, respondents each admitted having permanently neglected or abandoned their respective children, and judgments terminating their parental rights were suspended until November 2005. In October 2005, petitioner commenced these proceedings seeking to revoke the suspended judgments. Respondents then admitted that they had failed to comply with the terms and conditions of the suspensions and, following a hearing, Family Court terminated their parental rights.

We are unpersuaded by respondents' contention that they should be given additional time in which to rehabilitate themselves. Petitioner established that the children had already spent much of their young lives in foster care because of respondents' refusal to abandon their lifestyles of substance abuse, criminal activity and domestic violence. Given the four years that elapsed while petitioner attempted to provide services to remedy respondents' parental deficiencies, Family Court reasonably concluded that affording them additional time for rehabilitation would not be in the children's best interests (see Matter of Michael B., 80 NY2d 299, 311 [1992]).

Nor can we agree with respondents that Family Court should have granted custody of all three children to the mother's aunt in lieu of terminating their parental rights. Family Court found

the aunt's testimony to be unconvincing and that she was ill-suited for what she conceded would be a challenging task. In light of the evidence that two of the children have thrived with their foster parents, their adoption is likely and placement of the oldest child will be difficult in any event because of her behavioral problems, there is a sound and substantial basis for Family Court's decision that freeing the children for adoption was the best option to afford them a stable and permanent placement (*see Matter of Nahia M.*, 39 AD3d 918, 920 [2007]; *Matter of Shawna DD.*, 289 AD2d 892, 894 [2001]; *Matter of Jonathan P.*, 283 AD2d 675, 676 [2001], *lv denied* 96 NY2d 717 [2001]). We have considered respondents' remaining arguments and find them to be unavailing.

Crew III, J.P., Mugglin, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, without costs.