■ In the Matter of JOCELYN II., Appellant, v VANESHA P. et al., Respondents. [890 NYS2d 179]—

Kavanagh, J.

A neglect proceeding was commenced against respondent Vanesha P. (hereinafter the mother) after her child (born in 2005) was placed in the custody of the New York County Department of Social Services.[1] Petitioner, the mother's former paramour who had been responsible for caring for the child, commenced this proceeding in Family Court in Nassau County seeking custody of the child. After Family Court (Bennett, J.) determined that petitioner had standing to seek custody, it transferred the proceedings to Family Court in Columbia County. There, respondent Columbia County Department of

---

1. The mother claimed that she became pregnant through in-vitro fertilization and, therefore, there is no biological father involved in these proceedings.

Social Services (hereinafter DSS) commenced a permanent neglect proceeding that ultimately resulted in the termination of the mother's parental rights. Family Court (Nichols, J.), after a hearing, denied petitioner's custody petition, and determined that it was in the child's best interests that he stay in foster care and be freed for adoption. Upon the denial of her application for custody, petitioner now appeals.

We affirm. Petitioner argues that once it was determined that she had standing to seek custody of the child, DSS was required to make diligent efforts to reunite the child with her. In fact, no such obligation exists because petitioner was not the subject of a parental rights termination proceeding (*see* Social Services Law § 384-b [7] [a]). In any event, we note that, in addition to missing three court appearances with respect to this petition, petitioner has failed to contact DSS to arrange for visits with the child or to have any communication with him. Moreover, while petitioner argues that she should be allowed to adopt the child and not be placed at a disadvantage because of her status as a single, unmarried person (*see* 18 NYCRR 421.16 [d]), that consideration is not relevant because she never commenced an adoption proceeding. The only proceeding before Family Court was petitioner's application for custody and, in that proceeding, Family Court specifically noted that, while granting custody of the child to DSS, it was "without prejudice for frankly anyone, including [petitioner,] to seek foster parent status with respect to this child . . . if she chooses." As such, Family Court did not make any ruling with respect to petitioner's adoption of the child, and her arguments as they pertain to adoption are without merit.

Moreover, we find that a sound and substantial basis exists in the record for Family Court's conclusion that it was not in the best interests of the child to grant petitioner custody (*see Matter of Haylee RR.*, 47 AD3d 1093, 1096 [2008]; *Matter of Brittney U.*, 44 AD3d 1124, 1125 [2007], *lv denied* 9 NY3d 816 [2007]; *Matter of Donald W.*, 17 AD3d 728, 729 [2005], *lv denied* 5 NY3d 705 [2005]). While petitioner undoubtedly played an important role in caring for the child after he was born,[2] she has had no contact with him since he was placed in a foster home where he

2. In that regard, we point out that petitioner consistently refers to herself as the child's "parent" due to her prior relationship with the mother as well as the fact that she bore much of the responsibility for the child's care after he was born. Petitioner suggests that, since the mother left the child in her care shortly after the child's birth, petitioner's position in these proceedings is equivalent to that of a parent. However, petitioner and the mother were not in a long-standing relationship, nor were they together when the mother became pregnant. They never filed for status as domestic partners and petitioner, as

resides with his two biological siblings. In fact, it appears that the child is thriving in foster care and the foster mother has commenced proceedings to adopt him and his siblings. Petitioner, on the other hand, is unemployed and currently lives with her brother and his adolescent son. She has serious physical limitations that have made it impossible for her to care for her own 13-year-old son, who now resides with petitioner's mother in Florida. Simply stated, there is no credible evidence in the record to support petitioner's assertion that she can adequately care for this child. Accordingly, we find that Family Court properly determined that it was not in the child's best interests for custody to be awarded to petitioner.

Rose, J.P., Stein, McCarthy and Garry, JJ., concur. Ordered that the order is affirmed, without costs.

previously noted, has never commenced any legal proceeding to adopt the child.