In the Matter of NELISSA O., Appellant, v DANNY C., Respondent. [894 NYS2d 431]—

Order, Family Court, New York County (Gloria Sosa-Lintner, J.), entered on or about June 27, 2008, which determined, inter alia, that it was in the best interests of the subject children to remain in the custody of respondent father, unanimously affirmed, without costs.

There exists no basis upon which to disturb Family Court's determination that it was in the children's best interests to remain with their father. The court had the benefit of a full evidentiary hearing at which it had the opportunity to hear the testimony of both parents and assess their demeanor and credibility (*see Eschbach v Eschbach*, 56 NY2d 167, 173 [1982]; *Matter of Mildred S.G. v Mark G.*, 62 AD3d 460, 461 [2009]), as well as interview the two children in camera, at the conclusion of

which it declined to alter the existing custody arrangement. The totality of the circumstances demonstrates that the children are happy, healthy and well-adjusted in their father's care, that he is adequately providing for their needs, and while not determinative (*see Eschbach*, 56 NY2d at 173), both children have expressed a preference that the current custody arrangement remain unchanged.

Petitioner has failed to preserve for review her argument concerning the alleged conflict of interest of the Law Guardian. Were we to review this argument, we would find that the Law Guardian's representation of the subject children's sibling in a neglect proceeding ceased before the commencement of the custody proceeding to which the sibling was not a party, and the interests of the sibling were not material to the custody proceeding. Nor is there any indication that the Law Guardian disclosed or utilized privileged information that was learned in the course of her representation of the sibling (*see e.g. Pellegrino v Oppenheimer & Co., Inc.*, 49 AD3d 94 [2008]).

We have considered petitioner's remaining contentions, including that the determination results in the children being separated from their siblings, and find them unavailing. Concur—Tom, J.P., Moskowitz, Renwick, DeGrasse and Manzanet-Daniels, JJ.