■ In the Matter of CHELSEA C. and Others, Children Alleged to be Permanently Neglected. BETHANIA C., Appellant; THE CHILDREN'S AID SOCIETY, Respondent. [923 NYS2d 71]—

Orders of disposition, Family Court, New York County (Rhoda J. Cohen, J.), entered on or about May 6, 2009, which, upon a fact-finding of permanent neglect, terminated respondent's parental rights to the subject children and committed custody and guardianship of the children to petitioner agency and the Commissioner of the Administration for Children's Services for the purpose of adoption, unanimously affirmed, without costs.

The agency demonstrated by clear and convincing evidence that it exerted diligent efforts to encourage and strengthen the parental relationship by referring respondent for appropriate therapy and a parenting skills class in her native language (see Matter of Sheila G., 61 NY2d 368, 381 [1984]). Respondent, a nonoffender coping with sexual abuse, elected to ignore the court's directive that she be referred for counseling with a therapist trained in sexual abuse cases and instead selected a therapist with limited training in that area. She also chose to attend a parenting skills class in English, although she required a Spanish translator in court proceedings. Respondent failed to demonstrate that she took reasonable steps to correct the conditions that led to the children's placement (see Matter of Nathaniel T., 67 NY2d 838, 840 [1986]). Indeed, she admitted that she rejected the agency's referrals and did not commence therapy until more than a year after the children were removed from her home.

The record supports the court's determination that the best interests of the children would be served by terminating respondent's parental rights and freeing the children for adoption (see Matter of Star Leslie W., 63 NY2d 136, 147-148 [1984]). All the children have been doing well in foster homes, where they have resided for several years. All stated that they do not want contact with respondent, who had adopted them. Three of the children want to be adopted by their foster parents, who want to adopt them, and the fourth child, who was 17 and had reestablished contact with her biological family, stated that she wanted to remain in the foster home until she reached her majority. A suspended judgment would not be in the children's best interests (see Matter of Michael B., 80 NY2d 299, 310 [1992]). Concur—Mazzarelli, J.P., Sweeny, DeGrasse, Richter and Manzanet-Daniels, JJ.