■ In the Matter of KRISTEN OLMSTED, Respondent, v PAUL BORONOW, Appellant. [942 NYS2d 816]—In a child custody and visitation proceeding pursuant to Family Court Act article 6, the father appeals, as limited by his brief, from so much of an order of the Family Court, Suffolk County (Lechtrecker, Ct. Atty. Ref.), dated March 28, 2011, as, after a hearing, awarded residential custody of the parties' child to the mother.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

"The court's paramount concern in any custody dispute is to determine, under the totality of the circumstances, what is in the best interests of the child" (*Matter of Julie v Wills,* 73 AD3d 777, 777 [2010]; *see Eschbach v Eschbach,* 56 NY2d 167, 171 [1982]; *Haggerty v Haggerty,* 78 AD3d 998, 999 [2010]). "Because custody determinations depend to a great extent upon an assessment of the character and credibility of the parties and witnesses, deference is accorded to the trial court's findings, and such findings will not be disturbed unless they lack a sound and substantial basis in the record" (*Matter of Otero v Nieves,* 77 AD3d 756, 756-757 [2010]; *see Haggerty v Haggerty,* 78 AD3d at 999; *Matter of Julie v Wills,* 73 AD3d at 777). Here, the Family Court's award of residential custody of the parties' child to the mother has a sound and substantial basis in the record and will not be disturbed (*see Matter of McDonough v McDonough,* 73 AD3d 1067, 1068 [2010]; *Matter of Chieco v Finn,* 68 AD3d 762 [2009]). Rivera, J.P., Dickerson, Leventhal and Cohen, JJ., concur.