■ In the Matter of DAVID C., Respondent, v LANIECE J., Appellant. [958 NYS2d 145]—

Order, Family Court, New York County (Christopher W. Coffey, Ref.), entered on or about December 2, 2011, which, in a proceeding brought pursuant to article 6 of the Family Court Act, granted the father's petition for a final order of custody of the subject child, awarded respondent-mother an order of visitation, and dismissed her cross petition for custody, unanimously affirmed, without costs.

The court's determination awarding custody of the subject child to the father has a sound and substantial basis in the record, and there is no reason to disturb the court's findings (*see Eschbach v Eschbach*, 56 NY2d 167, 173 [1982]; *Matter of Koegler v Woodard*, 96 AD3d 454, 455 [1st Dept 2012], *appeal dismissed* 19 NY3d 1013 [2012]). The court considered all of the relevant factors and properly concluded that, although the evidence demonstrated that both parents had a strong love for the child and either would be an adequate custodian, allowing the child to remain with the father would serve the child's best interests (*see Matter of Gregory L.B. v Magdelena G.*, 68 AD3d 478, 479 [1st Dept 2009]). The father was better able to provide a stable environment for the child, since he had lived in the same apartment for many years, and had been the child's primary caregiver, with whom she resided, for almost three years after her return from foster care (*see Obey v Degling*, 37 NY2d

768, 770 [1975] ["(c)ustody of children should be established on a long-term basis, wherever possible"]). In contrast, the mother had moved into her boyfriend's apartment in efforts to avoid homelessness, and the boyfriend had an extensive criminal history and indicated that the mother's residence in his apartment was only until she got on her feet.

The record indicates that the father would maintain, promote, and foster the relationship between the mother and the child (*see Bliss v Ach*, 56 NY2d 995, 998 [1982]; *Matter of Matthew W. v Meagan R.*, 68 AD3d 468 [1st Dept 2009]), since he wanted her in the child's life and was willing to abide by whatever visitation schedule the court imposed.

The referee did not err in failing to conduct an in camera interview of the child, since the attorney for the child stipulated that the child's preference was to live with the mother. However, in a custody proceeding, "[a] child's preference for a particular parent, while a factor to be considered, cannot be determinative" (*Young v Young*, 212 AD2d 114, 123 [2d Dept 1995]). Contrary to the mother's contention, the court did not decrease her time with the child since it stated that she shall have parenting time with the child a "minimum" of alternate weekends and that the parties may mutually agree to increase her parenting time. Concur—Friedman, J.P., Renwick, Manzanet-Daniels, Román and Clark, JJ.