The court’s conclusion, based on a totality of the circumstances, that an award of sole custody to petitioner would be in the best interests of the child is supported by a sound and substantial basis in the record, and is entitled to deference (see Eschbach v Eschbach, 56 NY2d 167, 173 [1982]; Matter of Naomi S. [Hadar S.], 87 AD3d 936 [1st Dept 2011], lv denied 18 NY3d 805 [2012]). The record supports the court’s findings that, notwithstanding petitioner’s reportedly troubled past, since the *543 child was placed into his care in December 2007, after being removed from respondent’s care following a finding of neglect, he has taken good care of her without incident, and provided her with a safe, loving and stable home (see Matter of David C. v Laniece J., 102 AD3d 542 [1st Dept 2013]). Petitioner has also demonstrated an ability to place the child’s feelings above his own, by making the child available for visits and encouraging her to maintain telephone contact with respondent following the suspension of visitation (see generally Matter of Nelissa O. v Danny C., 70 AD3d 572, 573 [1st Dept 2010]).
The record shows that respondent has continued to behave erratically, inappropriately and unpredictably in the presence of the child, and has acted out irrationally and physically, which led to an order limiting her supervised visitation with the child. The court properly credited the testimony of the expert psychiatrist, who opined that respondent had a mood disorder with paranoid and narcissistic features, and that it would be detrimental for the child to observe such volatile and explosive behaviors in her mother. Concur — Tom, J.P., Sweeny, DeGrasse, Gische and Clark, JJ.