■ In the Matter of RAYMOND A., Respondent, v LISA M.H., Appellant. [982 NYS2d 115]—

Order, Family Court, New York County (Gloria Sosa-Lintner,

J.), entered on or about April 30, 2013, which, after a hearing, awarded custody of the subject child to petitioner father, unanimously affirmed, without costs.

The Family Court's determination that it was in the child's best interest to have the father awarded legal and physical custody with extensive visitation to appellant mother finds a sound and substantial basis in the record (*see Eschbach v Eschbach*, 56 NY2d 167, 171-172, 174 [1982]; *Matter of Victoria H. [Tetsuhito A.]*, 110 AD3d 636, 636 [1st Dept 2013]). The court properly considered all of the relevant factors before concluding that allowing the child to remain with the father would serve the child's best interests. The record demonstrated that the father had been employed for the past twelve years and had stable housing. It also demonstrated that appellant had been in and out of prison with a pending criminal matter at the time of the hearing, with no income except for welfare and babysitting, and had not obtained stable housing (*see Matter of David C. v Laniece J.*, 102 AD3d 542 [1st Dept 2013]; *Matter of Nunn v Bagley*, 63 AD3d 1068, 1069 [2d Dept 2009]).

In addition, the record demonstrates that the father understands the child's special needs better than appellant. She testified that should she be awarded custody, she might have to remove the child from the special education program he had been enrolled in by the father and where he was thriving, in favor of regular day care or preschool, because those types of programs were closer to where she was residing at the time of the hearing (*see Matter of Maureen H. v Samuel G.*, 104 AD3d 470, 471 [1st Dept 2013]; *and see Matter of Liza R. v Lin F.*, 110 AD3d 513 [1st Dept 2013]). Although appellant contends that the father's weight issues have prevented him from properly caring for the child, he testified that his employer had found him physically capable to perform his job duties and the record contains no evidence that he was physically unable to work or properly care for the child.

Additionally, the record demonstrates that the father would be able to place the child's needs first while fostering a continued relationship between appellant and their son because she and the maternal grandmother both acknowledged during the custody hearing that he had allowed them to visit the child after he was awarded temporary custody (*see Matter of James Joseph M. v Rosana R.*, 32 AD3d 725 [1st Dept 2006], *lv denied* 7 NY3d 717 [2006]). There is no basis to disturb the court's credibility determinations (*see Matter of Nelissa O. v Danny C.*, 70 AD3d 572, 572 [1st Dept 2010]).

The Family Court properly determined that joint custody was

not in the child's best interest because appellant herself testified that she and the father could not "always be cordial and respectable towards each other" (*see Stanat v Stanat*, 93 AD2d 114, 117 [1st Dept 1983], *lv denied* 59 NY2d 605 [1983]). Concur—Tom, J.P., Friedman, Manzanet-Daniels, Gische and Clark, JJ.