■ In the Matter of MELVIN R., Respondent, v LUISANNY A., Appellant. In the Matter of ANA R., Respondent, v LUISANNY A., Appellant. In the Matter of NAGELY N. and Another, Infants. LUISANNY A., Appellant; ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent. [9 NYS3d 260]—

Order, Family Court, Bronx County (Joan L. Piccirillo, J.), entered on or about February 28, 2014, which, after a hearing, inter alia, granted the petition of Kaylin's father, Melvin R., for custody of Kaylin, and the petition of Nagely's maternal step-great-grandmother, Ana R., for guardianship of Nagely, unanimously affirmed, without costs.

Family Court's custody and guardianship determinations have a sound and substantial basis in the record (see Matter of Kenneth H. v Fay F., 113 AD3d 542 [1st Dept 2014]). The combined dispositional, custody and guardianship hearing followed the entry of an order, upon consent, finding that respondent mother (respondent) abused Kaylin and derivatively abused Nagely. The record supports the court's finding that the subject children would be at risk of harm if returned to respondent's care (see Matter of Brianna R. [Marisol G.], 78 AD3d 437 [1st Dept 2010], lv denied 16 NY3d 702 [2011]). The court's determinations that respondent's hearing testimony was incredible and that the testimony of the other witnesses was credible are entitled to deference (Matter of Olmsted v Boronow, 95 AD3d 891 [2d Dept 2012]), and are supported by the record. Respondent was not forthcoming about what happened to Kaylin, and changed her story several times.

However, even under respondent's version of events, including her argument that she did not harm Kaylin intentionally, respondent exhibited poor judgment by leaving Kaylin, then nine months old, unattended on a bed and shaking her after picking her up from the floor. Moreover, although Kaylin sustained severe, life-threatening and persistent injuries at the hands of respondent, respondent's testimony reflects that she does not appreciate the severity of what she did to Kaylin or its long-lasting effect. Thus, contrary to respondent's contention, her abuse of Kaylin cannot be considered an isolated, non-serious incident.

We have considered respondent's remaining contentions and find them unavailing. Concur—Mazzarelli, J.P., Acosta, Saxe, Manzanet-Daniels and Clark, JJ.