Matter of Dariel M. v Aurelyn Z.G. (2020 NY Slip Op 00506)





Matter of Dariel M. v Aurelyn Z.G.


2020 NY Slip Op 00506


Decided on January 23, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 23, 2020

Gische, J.P., Mazzarelli, Webber, Gesmer, JJ.


10862

[*1] In re Dariel M., Petitioner-Respondent,
v
Aurelyn Z.G., Respondent-Appellant.
Aurelyn Z.G., Petitioner-Appellant,
v
Dariel M., Respondent-Respondent.


Carol Kahn, New York, for appellant.
Law Office of Ava G. Gutfriend, Bronx (Ava G. Gutfriend of counsel), for respondent.
Janet Neustaetter, The Children's Law Center, Brooklyn (Rachel J. Stanton of counsel), attorney for the child.



Order, Family Court, Bronx County (Sue Levy, Referee), entered on or about December 20, 2018, which, inter alia, after a hearing, granted petitioner father's petition for primary physical custody of the parties' child, unanimously affirmed, without costs.
The court's determination awarding physical custody of the subject child to the father has a sound and substantial basis in the record (see Eschbach v Eschbach, 56 NY2d 167 [1982]). The court properly considered the totality of the circumstances and concluded that the best interests of the child would be served if she were to remain with the father (id. at 171-174). The record shows that the father was better able to provide a stable environment for the child as well as address her educational and medical needs. Additionally the father had been the child's primary caregiver for over two years, since the mother's departure from the family home (see Matter of David C. v Laniece J., 102 AD3d 542 [1st Dept 2013]). In contrast, the mother had not been involved in the child's educational or medical life since 2016, had no realistic plan to meet the child's educational needs, had allowed the child's health insurance coverage to lapse, and exhibited a lack of stability in her life both in employment and in housing. The record further indicated that the father would foster the relationship between the mother and the child (see id. at 543).
The mother's argument that the court did not possess sufficient information to properly determine the child's best interests because it did not have the child's academic and IEP records, a forensic evaluation, and testimony from the parents' current partners, is unpreserved (see [*2]Matter of Maureen H. v Samuel G., 104 AD3d 470, 471 [1st Dept 2013]), and we decline to review in the interest of justice. Were we to review the argument, we would find that the court had sufficient information to determine the child's best interests after it had conducted a full evidentiary hearing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 23, 2020
CLERK