Matter of Jaylina B. (Clayton N.) (2021 NY Slip Op 02486)





Matter of Jaylina B. (Clayson N.)


2021 NY Slip Op 02486


Decided on April 27, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 27, 2021

Before: Gische, J.P., Kern, Mazzarelli, Kennedy, JJ. 


Docket No. NA-40520/15 NA-40521/15 Appeal No. 13668 Case No. 2020-01300 

[*1]In the Matter of Jaylina B. and Another., Children Under Eighteen Years of Age, etc., Clayson N. Respondent-Appellant, Mayra D., Nonrespondent, Administration for Children's Services, Petitioner-Respondent. 


Larry Bachner, New York, for appellant.
James E. Johnson, Corporation Counsel, New York (Jessica Miller of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Amy Hausknecht of counsel), attorney for the children.



Order of fact-finding and disposition (one paper), Family Court, New York County (Patria Frias-Colon, J.), entered on or about January 9, 2020, which, after a hearing, determined that respondent physically and sexually abused the subject children and neglected the children by engaging in acts of domestic violence against their mother, and issued a five-year order of protection against him, unanimously affirmed, without costs.
The Family Court properly concluded that respondent's stepdaughter's out-of-court statements were properly corroborated (Family Ct Act § 1046[a][vi]; Matter of Nicole V., 71 NY2d 112, 118-119 [1987]). The court properly considered the child's detailed out-of-court statements, along with the testimony of her mother and the ACS child protective specialist (see Matter of Samantha F., 169 AD3d 549, 549-550 [1st Dept 2019], lv dismissed 33 NY3d 1042 [2019]). The child's statements were further corroborated by respondent's conviction in the Supreme Court proceeding, in which he pleaded guilty to endangering the welfare of a child and assault in the third degree (see Matter of Gabriel R. [Jose R.], 188 AD3d 501, 502 [1st Dept 2020]; Matter of Milagros C.[Rosa R.], 121 AD3d 481 [1st Dept 2014]).
We further find that respondent failed to preserve for our review his contention that the children had conflicting interests and thus should not have been jointly represented by the same attorney (see Matter of Nelissa O. v Danny C., 70 AD3d 572 [1st Dept 2010]), and we decline to review in the interest of justice. In any event, there is no evidence that the children's interests were materially adverse so that the court could not properly address the issues of respondent's abuse and neglect of both children.
Similarly, respondent's argument that he was denied a fair trial because of the consolidated fact-finding on the abuse/neglect and family offense petitions is also unpreserved (see Matter of Princess Ashely C., 96 AD3d 682, 683 [1st Dept 2012]), and we decline to review it in the interest of justice. Respondent's arguments regarding the Family Court's order finding aggravating circumstances and its denial of an order of visitation are unavailing since the record supports the finding of aggravating circumstances, and respondent did not and could not seek visits with the younger child at the dispositional stage since an order of protection was in place until 2023 and he did not appeal from that order (see Matter of Opportune N. v Clarence N., 110 AD3d 430, 431 [1st Dept 2013]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 27, 2021