Matter of Patricia A. (Norman A.) (2021 NY Slip Op 03539)





Matter of Patricia A. (Norman A.)


2021 NY Slip Op 03539


Decided on June 08, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 08, 2021

Before: Renwick, J.P., Kern, Scarpulla, Mendez, JJ. 


Docket No. B-40760-62/14 Appeal No. 14009 Case No. 2020-02051 

[*1]In the Matter of Patricia A. and others, a Children Under Eighteen Years of Age, etc., Norman A. et al., Respondents-Appellants, Cardinal McCloskey Community Services, et al., Petitioners-Respondents, JMAC for Families, Movement for Family Power and the Reproductive Justice Clinic of New York University School of Law. Amici Curiae.


Proskauer Rose LLP, New York (Adam L. Deming of counsel), for appellants.
Geoffrey P. Berman, PC, Larchmont (Geoffrey P. Berman of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Marcia Egger of counsel), attorney for the children.
Sarah Wheeler and Sarah Burns, New York, for The Reproductive Justice Clinic at New York University School of Law, amicus curiae and Erin Cloud and Lisa Sangoi, Calabasas, CA, for Movement for Family Power, amicus curiae.



Order of fact-finding and disposition, Family Court, New York County (Emily Oshansky, J), entered on or about March 11, 2020, which, upon a finding of permanent neglect, terminated respondents' parental rights to the subject children and transferred custody of the children to petitioner agency and the Commissioner of Social Services for the purpose of adoption, unanimously affirmed, without costs.
The finding of permanent neglect was supported by clear and convincing evidence. Even though respondents regularly visited the children and successfully completed their service plan, they failed to credibly acknowledge the problems that led to the foster care placement of the children in the first place, and Family Court was in the best position to make this evaluation (see Matter of Nathaniel T., 67 NY2d 838, 842 [1986]). Moreover, the attorney for the children urges that the children have been permanently neglected and that parental rights should be terminated (id.).
A preponderance of the evidence demonstrated that termination of respondents' parental rights was in the best interests of the children, who have been living in the same foster home since 2014, wish to be adopted, and whose foster mother wishes to adopt them (see e.g. Matter of Chelsea C. [Bethania C.], 84 AD3d 504, 504 [1st Dept 2011], lv denied 17 NY3d 705 [2011]).
We have considered respondents' remaining contentions, as well as those raised by the amici curiae, and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 8, 2021