Matter of Patrice H.W. (Marcia M.) (2022 NY Slip Op 05820)

Matter of Patrice H.W. (Marcia M.)

2022 NY Slip Op 05820

Decided on October 18, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 18, 2022

Before: Acosta, P.J., Renwick, Webber, Kern, Friedman, JJ. 

Docket No. B259-262/15 O-07185/19 Appeal No. 15466-15466A-15466B-15466C Case No. 2021-01937, 2022-02266 

[*1]In the Matter of Patrice H.W., and Others, Children Under Eighteen Years of Age, etc., Marcia M., Also Known as Marcia M.W., Respondent-Appellant, The Children's Aid Society, Petitioner-Respondent.

Law Offices of Randall S. Carmel, Jericho (Randall S. Carmel of counsel), for appellant.
James M. Abramson, New York, for Children's Aid Society, respondent.
Bruce A. Young, Brooklyn, attorney for the child Patrice H.W.
Carol Kahn, New York, attorney for the child Natalie H.W.
Kenneth M. Tuccillo, Hastings on Hudson, attorney for the child Anthony S.W.
Aleza Ross, Patchogue, attorney for the child Amya S.W.

Orders of fact-finding and disposition, Family Court, Bronx County (Ashley Black, J.), entered on or about April 26, 2021, incorporating and bringing up for review fact-finding orders, same court (Gilbert Taylor, J.), entered on or about December 18, 2019 and February 28, 2020, which found, respectively, that respondent permanently neglected the child Patrice and violated suspended judgments as to the other three children, and which, after a dispositional hearing, terminated respondent's parental rights to the children and committed their guardianship and custody to petitioner agency and the Commissioner of Social Services for purpose of adoptions, affirmed to the extent appealable and otherwise dismissed, without costs.
The finding of permanent neglect with respect to Patrice was supported by clear and convincing evidence. Respondent failed to plan for the child, evidenced by her refusal to acknowledge the problems that led to the foster care placement of the child in the first place, blaming the children, the biological mother, and the agency and denying that the children were subject to sexual abuse. Regardless of whether a parent has complied with the recommended service plan, she has failed to plan for the child's future if she "fails to gain insight into [her] parenting problems or take responsibility for the issues that prompted foster care placement in the first place" (Matter of Yasmine F. [Junior F.], 145 AD3d 455, 455 [1st Dept 2016], lv denied 29 NY3d 973 [2017] [internal quotation marks and citation omitted]; see also Matter of Nathaniel T., 67 NY2d 838, 841-842 [1986]; Matter of Patricia A.[Norman A.], 195 AD3d 457 [1st Dept 2021]).
With respect to the other children, a preponderance of the evidence established that respondent materially violated the terms of the underlying suspended judgments. Among other things, respondent failed to interact constructively with agency staff, failed to be available for the required monthly home visits, berated case workers during meetings and visitation, often in front of the children, and did not provide the required releases and consents (see, e.g., Matter of Christian Anthony Y.T. [Donna Marie T.], 78 AD3d 410 [1st Dept 2010]). Moreover, the court did not credit respondent's testimony to the contrary, and its assessment should not be disturbed as it was in the best position to make this evaluation (Matter of Melvin R. v Luisanny A., 128 AD3d 538 [1st Dept 2015]; see Matter of Nathaniel T., 67 NY2d 838, 842 [1986]).
The court providently exercised its discretion in denying respondent's request for an adjournment of the dispositional hearing in that she provided no legal excuse for her failure to appear either by telephone or virtually, and it was not in the best interests of the children to protract the proceedings (Matter of Nautica Skyy W. [Amber NY-Cole W.], 198 AD3d 589 [1st Dept 2021]; see Matter of Steven B., 6 NY3d 888, 889 [2006]).
As a result, the order of disposition from which respondent [*2]purports to appeal was entered upon her default, and therefore is not appealable (CPLR 5511; Matter of Jessica Lee D., 44 AD3d 327 [1st Dept 2007]). Respondent's' remedy upon default was to move to vacate the default (Matter of George L. v Karen L., 172 AD3d 474 [1st Dept 2019]). Were we to consider it on the merits in the interest of justice, a preponderance of the evidence demonstrates that termination of respondent's parental rights was in the best interests of the children (see e.g. Matter of Chelsea C. [Bethania C.], 84 AD3d 504, 504 [1st Dept 2011], lv denied 17 NY3d 705 [2011]).
Based on the existing record, respondent's claim of ineffective assistance of counsel is unavailing, as the record shows that respondent was afforded meaningful representation throughout the proceedings (see People v Benevento, 91 NY2d 708, 712-713 [1998]). Respondent failed to show that she was deprived of meaningful representation by counsel's failure to request a mistrial after being assigned to her matter or to not participate in the dispositional hearing in her absence, and that she suffered actual prejudice as a result (see Matter of Asia Sabrina N. [Olu N.], 117 AD3d 543 [1st Dept 2014]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 18, 2022