Matter of Ciara H. (2023 NY Slip Op 03406)

Matter of Ciara H.

2023 NY Slip Op 03406

Decided on June 22, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 22, 2023

Before: Kern, J.P., Friedman, Mendez, Rodriguez, JJ. 

Docket No. V30319/18 Appeal No. 529 Case No. 2021-02924 

[*1]In the Matter of Ciara H. and Another., Children Under Eighteen Years of Age, etc., Timothy H., Petitioner-Respondent, Felicia H., Respondent-Appellant.

Bryan S. Greenberg, New York, for appellant.
George E. Reed, Jr., White Plains, for respondent.
Janet Neustaetter, The Children's Law Center, Brooklyn (Rachel J. Stanton of counsel), attorney for the children.

Order, Family Court, Bronx County (Rosanna Mazzotta, Referee), entered on or about July 1, 2021, which, after a hearing, granted petitioner father's petition to modify the custody provisions of a judgment of divorce to the extent of awarding him sole legal and primary physical custody of the subject children, unanimously affirmed, without costs.
The parties stipulated that there had been a change in circumstances, and the totality of the circumstances supports the court's determination that a change in custody from joint legal custody, with physical custody to the mother, to sole legal and physical custody to the father, with parenting time to the mother on weekends and alternating holidays, was in the children's best interests (see Eschbach v Eschbach, 56 NY2d 167, 171 [1982]; Steck v Steck, 307 AD2d 819, 820 [1st Dept 2003]). Although the mother had provided a stable home to the children for many years, in October 2018 she became increasingly stressed, culminating in an incident where she shouted at the children and threw glass and ceramic items, resulting in cuts to the children, and demanded that the children pack their things and go stay with their father. At the same time, there was possibility that the older child would not be promoted to the next grade, yet the mother did not meaningfully engage with her teachers to monitor the child's progress. The mother also unilaterally changed that child's school without informing the father (see Matter of Joane H. v Felix P., 160 AD3d 552 [1st Dept 2018]). The father, on the other hand, provided a stable home environment for the children and met their emotional and educational needs, and the older child's school attendance and academic performance improved in his care (see Matter of Lawrence C. v Anthea P., 148 AD3d 598, 599 [1st Dept 2017]; Matter of Dariel M. v Aurelyn Z.G., 179 AD3d 569, 569 [1st Dept 2020]). Moreover, the evidence showed that the father was more likely to nurture a relationship between the children and the mother, adjusting visitation to accommodate her work schedule and communicating with her regarding the children's appointments, while the mother did not communicate with him on issues involving the children or provide him with their essential documents (see Matter of Damien P.C. v Jennifer H.S., 57 AD3d 295, 296 [1st Dept 2008]).
Throughout the proceedings, the children consistently expressed their desire to reside with the father during the week. Given their ages, their preferences are entitled to great weight (see Melissa C.D. v Rene I.D., Jr., 117 AD3d 407, 408 [1st Dept 2014]). Despite certain advantages of maintaining stability and continuity for the children, the award of custody to the father was in their best interests (see Vernon v Vernon, 296 AD2d 186, 192-193 [1st Dept 2002], affd 100 NY2d 960 [2003]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 22, 2023