Matter of Gabriel A.A. v Ifeoma V.A. (2023 NY Slip Op 04709)

Matter of Gabriel A.A. v Ifeoma V.A.

2023 NY Slip Op 04709

Decided on September 26, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 26, 2023

Before: Renwick, P.J., Moulton, Kennedy, Scarpulla, Higgitt, JJ. 

Index No. V-10819/20, V-10820/20, V-10819-20/21A, V-10820-20/21A Appeal No. 603 Case No. 2022-04055 

[*1]In the Matter of Gabriel A.A., Petitioner-Respondent,
v
Ifeoma .A., Respondent-Appellant.

Law Office of Thomas R. Villecco, P.C., Jericho (Thomas R. Villecco of counsel), for appellant.
Andrew J. Baer, New York, for respondent.
Kenneth M. Tuccillo, Hastings on Hudson, attorney for the children.

Order, Family Court, Bronx County (Michael A. Frishman, J.), entered on or about August 19, 2022, which, after a hearing, awarded the parties joint legal custody of the subject children with primary physical custody to petitioner father and parenting time to respondent mother on weekends and alternating holidays, unanimously affirmed, without costs.
There is a sound and substantial basis in the record for the court's determination that the children's best interests would best be served by awarding primary physical custody to the father (see Eschbach v Eschbach, 56 NY2d 167, 171-172, 174 [1982]; Elkin v Labis, 113 AD3d 419, 419 [1st Dept 2014], lv dismissed 22 NY3d 1193 [2014]). Furthermore, there is no basis to disturb the court's credibility determinations (see Matter of Nelissa O. v Danny C., 70 AD3d 572, 572 [1st Dept 2010]).
The court considered all the relevant factors and properly concluded that, although the mother clearly loved and cared for the children, granting the father primary physical custody would serve the children's best interests. The father was better able to provide a stable home environment for the children since he resided with his wife in their house and had his work and school schedule match the children's schedule to be able to care for them in the afternoons and evenings. In contrast, the mother moved frequently and provided inconsistent testimony about her work schedule, which led the court to question her ability to adequately care for and supervise the children.
The record further demonstrates that the father understood the children's educational needs better than the mother. The mother had changed the children's school multiple times in a short span of time, often without informing the father. She also maintained that the children were excelling academically, even though their report cards demonstrated otherwise, and questioned the need for the older child's Individualized Education Plan. On the other hand, the father repeatedly emphasized the importance of education for the children and his continued commitment to support them academically.
The record indicates that the father would maintain, promote, and foster the relationship between the mother and children (see Matter of David C. v Laniece J., 102 AD3d 542, 543 [1st Dept 2013]). There was evidence that the children were in regular contact with the mother while they stayed with him in the spring and summer of 2020 as well as during their weekend visits. The father further testified that he was willing to abide by the visitation schedule the court imposed and would drive the children to the mother's home in the Bronx from Long Island. In contrast, once the children were returned to the mother's care in September 2020, she cut off all contact with the father and did not let him visit until a temporary visitation order was issued. She also brought the children to the drop off late or would fail to come at all without informing the father in advance.
We have [*2]considered the mother's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 26, 2023